ALBERT S. BURTON AND OSCAR A. BURTON *v.* CURTIS WIL-KINSON AND LAFAYETTE H. NUTTING.

A person deputed to serve a writ has all the powers, which may be exercised by a sheriff in executing any process, except that he is not to be recognized or obeyed as a sheriff, or known officer, but must show his authority, and make known his business, if required by the party who is to obey the same.

If the goods of the debtor are secreted in the store or ware-house of a third person, the sheriff will be justified in breaking open the outer door for the purpose of taking them by due process of law, if admittance is refused to him, after he has demanded it from the proper person; and he may do this in the night, as well as day.

And if admittance is demanded by the sheriff of the person having the key of the warehouse, it is sufficient; and the sheriff is not bound to make inquiry as to the manner, in which such person came in possession of the key.

If a warehouseman receive goods, and the bailor has no title to the goods, and they are taken from the custody of the warehouseman by the authority of the law, as the property of a third person, the warehouseman may show this in defence of an action brought against him by the bailor for the goods.

This was an action of trespass, for breaking and entering the plaintiff's warehouse and taking from thence certain goods. The defendants pleaded that they took the goods, by virtue of legal process, as the property of a third person, and that they broke into the warehouse for the reason that they were refused admittance upon demand. The plaintiffs replied that the goods were the property of A., and not of the debtor, as whose they were taken, and that they had received the goods to keep for A. The defendants rejoined, in estoppel, that A. had brought an action of trespass against them for taking and carrying away the same goods, and that issue had been joined in that action upon the question of A's title to the goods, and that judgment had been rendered thereon in favor of the defendants. And it was held, on demurrer to this rejoinder, that the matter was well pleaded as an estoppel, and that the defendants were entitled to judgment.

TRESPASS *quare clausum fregit.* It was alleged, in the declaration, that the defendants, on the seventeenth day of October, 1842, broke open the door of the plaintiffs' warehouse, and took and carried away from thence a quantity of butter, belonging to the plaintiffs. The defendants pleaded that one Curtis had sued out a writ of attachment against one Royal Cutter, and that the defendant

Wilkinson was specially authorized to make service of the writ, and that the butter in question was the property of Cutter, and was stored in the plaintiffs' warehouse, and that Wilkinson demanded the key of the warehouse of Hubbard B. Bogue and J. H. Walker, in whose possession the key was, or that they should permit Wilkinson to enter the warehouse and attach the butter, and that, upon their refusing to do so, Wilkinson, as authorized officer, and the defendant Nutting, as his servant, broke open the door of the warehouse and took the butter ; and the defendants alleged, that this was the supposed trespass complained of in the declaration. The plaintiffs replied, that previous to the attachment by Wilkinson the butter had been sold by Cutter to Joel Houghton, and that notice of the sale had been duly given to them by Houghton, and that they had undertaken and promised to keep the butter for Houghton, and to deliver it to him on demand, and that the defendant, in the night time, broke and entered the plaintiffs' warehouse and carried away the the butter. The defendants rejoined, as an estoppel to the plaintiffs' relying upon the facts set forth in the replication, that Houghton, subsequent to the attachment, had brought an action of trespass against the defendants for taking and carrying away the butter, and that issue had been joined to the court, in that suit, upon the question as to the title of Houghton to the butter, and that the court rendered judgment, upon that issue, in favor of the defendants. To this rejoinder the plaintiffs demurred.

The county court,—Royce, J., presiding,—adjudged the rejoinder sufficient ; to which decision the plaintiffs excepted.

*H. R. & J. J. Beardsley* for plaintiffs.

1. The plaintiffs are not estopped by the judgment set up in the rejoinder. In order to make that judgment conclusive upon them, they must have occupied such a position, as would have rendered the judgment conclusive in their favor in a suit brought against them by Houghton for not safely keeping the property. The plaintiffs, by their undertaking to keep the property for Houghton, admitted his title, and are estopped from denying it in a suit brought against them by Houghton. If so, the judgment specified in the rejoinder could not be made available for them, to defeat such action.

*Gosling* v. *Birnie,* 20 E. C. L. 153. 3 Stephens' N. P. 777. 2 Camp. 243, (344.) 25 E. C. L. 118. 9 Ib. 170.

2. The plaintiffs, as warehousemen, had a lien upon the property for storage, and were entitled to retain possession of it, until that lien was satisfied. *Donally* v. *Crowther,* 22 E. C. L. 416.

3. An officer is not justified in breaking the door of a warehouse, except at a reasonable hour, and not in the night season.

*Smalley, Adams & Hoyt* and *Hunt & Nutting* for defendants.

1. The plea in bar discloses a perfect justification of the trespass alleged in the declaration. Although a man's dwelling house is his castle, for defence and repose, yet it is not clear, that he can therein defend the person, or goods, of another. Wats. on Sheriffs 43–58, 59. 4 Bac. Ab., Sheriff N 3. 4 Com. Dig., Execution 65. 2 Aik. 416. It is a personal privilege, annexed to the house for the protection of a man and his family, and has always been construed strictly. *Lee* v. *Gansel,* Cowp. 1. *Lloyd* v. *Sandilands,* 4 E. C. L. 92. It has never been extended to any other building, detached from a dwelling house. 3 B. & P. 226. On the contrary, it has always been held, that an officer, to serve process, might break open a store, warehouse, or barn, as well as the inner door of a dwelling house, trunks, &c., even without request to the owner to open. Wats. on Sheriffs 43, 59. *Haggerty et al.* v. *Wilber et al.,* 16 Johns. 287. 4 Bac. Ab., Sheriff N 3. Petersd. 397, 596 in notes. The defendant Wilkinson, being duly authorised, had all the powers of a sheriff. Rev. St. 171, § 23.

2. The judgment in the suit in favor of Houghton against the defendants is conclusive against Houghton as to the right of property in the butter in question. 1 Phil. Ev. 321. *Outram* v. *Morewood,* 3 East 354. *Church* v. *Leavenworth,* 4 Day 274. *Canaan* v. *Greenwoods Turnp. Co.,* 1 Conn. 1. *Howard* v. *Mitchel,* 14 Mass. 241. *Jackson* v. *Stone,* 13 Johns. 447. *Dewey* v. *Osborn,* 4 Cow. 329. *Young* v. *Black,* 2 U. S. Cond. R. 607. *Burt* v. *Sternburgh,* 4 Cow. 559. *Hopkins* v. *Lee,* 5 U. S. Cond. R. 23. *Crandall* v. *Gallup,* 12 Conn. 365. 1 Stark. Ev. 193. *Wright* v. *Butler,* 6 Wend. 284. *Viles et al.* v. *Moulton,* 13 Vt. 510. The plaintiffs, in their replication, set up no independent right, or title, to the prop-

erty in question, but identify themselves with Houghton's title, and make claim under him as his agents and bailees. Whatever, therefore, is evidence against the one, is evidence against the other. The recovery, being conclusive on Houghton's title, is equally binding and conclusive on the plaintiff's claim, resting on that title. 1 Phil. Ev. 324. *Adams* v. *Barnes*, 17 Mass. 365. *Hutton* v. *Barber*, 2 Wash. C. C. Rep. 64. *Wood* v. *Jackson*, 8 Wend. 9. *Betts* v. *Starr*, 5 Conn. 550. *Denison* v. *Hyde et al.*, 6 Conn. 508. *Lady Dartmouth* v. *Roberts*, 16 East 334. Noy's Maxims 4, 13. Greenl. Ev. 220–222, 562, 563, 573, 574. *Kinnersby* v. *Orpe*, Dougl. 56.

3. The recovery in the suit in favor of Houghton against the defendants, being conclusive as to the title to the property, is properly pleaded by the defendants by way of estoppel to the title attempted to be set up by the plaintiffs in Houghton. Noy's Maxims 4, 13. 4 Com. Dig., Estoppel B.

The opinion of the court was delivered by

WILLIAMS, Ch. J. But two questions have presented themselves to the consideration of the court in this case. 1. As to the power of a person, specially deputized to serve a writ, in relation to the breaking of doors. 2. As to the claim set up by the plaintiffs under the title of Houghton.

A person deputed to serve a writ, as was the defendant Wilkinson, has all the powers, which may be exercised by a sheriff in serving or executing any process, except that he is not to be recognized or obeyed as a sheriff, or known officer, but must show his authority, and make known his business, if required by the party who is to obey the same. In this particular he represents a special bailiff, rather than a known officer. To make an attachment, or to levy an execution on goods, the sheriff cannot break open the outer door of the debtor's dwelling house. It is otherwise, if the goods of a stranger are secreted in the dwelling house. A barn, or out house, adjoining to and parcel of the house, or within the curtilage, may be broken open to make such levy; but a request must first be made for admittance. A barn in the field may be opened without request. *Penton* v. *Brown*, 1 Keb. 698, [19 Vin. 432.] *Haggerty* v. *Wilber*, 16 Johns. 287. There is nothing to prevent a sheriff from serving an execution in the night, as well as in the day time. Wil-

kinson was therefore justified in breaking into the warehouse in question, to serve an attachment on the goods of any person therein;—but he must first demand admittance.

In this case it is stated, that he did demand admittance of the persons who had the key; but it is objected, that the plea does not state but that the persons, who had the key, were wrongfully in possession. We think this was not necessary. If he demanded admittance of those who had the custody and care of the key, and who could have let him in without compelling him to resort to force, it was all that was necessary; and he was not bound to inquire how, or in what way, they became possessed of the same. A demand of the plaintiffs for admittance could have been of no use, as they could not have unlocked the door, while Bogue and Walker had the key. If there has been any collusion between the defendants and Bogue and Walker, which would have made the defendants liable, it should have appeared in the replication. A sheriff would have been justified in breaking open the warehouse of the plaintiffs to do execution on the goods of Cutter, having first demanded admittance of the person who had the key.

The next inquiry is, whether the plaintiffs, having undertaken to keep the butter for Houghton, are bound to keep it for him at all events, and are estopped from setting up against him the proceedings had in the suit in favor of Houghton against the defendants, in which the decision was against Houghton's claim. It is undoubtedly true, that, when a wharfinger receives goods, or acknowledges the title of another, and agrees to receive or keep goods for such persons, he cannot dispute the title, in an action brought by such person against him. The cases of *Goslin* v. *Birnie*, 7 Bing. 339, [20 E. C. L. 153.] *Holl* v. *Griffin*, 10 Bing. 246, [25 E. C. L. 118.] *Harmon* v. *Anderson*, 2 Camp. 243, and *Stonard* v. *Dunkin et al.*, 2 Camp. 344, establish this point. The wharfinger is the agent of the person, of whom he receives the goods, and cannot dispute the title of his principal, in an action brought by the principal against him. But this cannot protect the goods, thus received, from an execution against the person thus depositing them; and if they are taken from the wharfinger, or warehouseman, by lawful process, the wharfinger, or warehouseman, can protect himself, in a suit brought against him by the owner. If the person, from whom

the wharfinger, or warehouseman, receives the goods, claims the same by a title illegal, so that he cannot lawfully hold them, and they are taken by authority of the law out of the custody and care of the wharfinger, the latter may show this in excuse for not delivering them.

The plaintiffs, in this case, set up a title in the property in Houghton ; but if Houghton himself has set up the same title against these defendants, and it has been decided against him, he would be estopped thereafter from claiming the same goods under the same title. We cannot therefore doubt, that if a suit were now instituted by Houghton against the plaintiffs, founded on their recognition of his title, it would be competent for them to defend against such suit, by showing that the butter was taken from their possession by process of law against Cutter, and that Houghton has instituted a suit against the officer serving the process, and that his title has been found defective and the officer serving such process justified in taking the property. The liability of the plaintiffs to Houghton for the butter did not protect it against the creditors of Cutter, if Houghton's title has been found and adjudged to be invalid, as against such creditors. The rejoinder, therefore, fully answered the replication.

The judgment of the county court is therefore affirmed.