## ROBBINS *v.* CUTLER.

An appeal from a justice's judgment, taken by an infant, is an act voidable by him, and the court of common pleas will dismiss such appeal on motion of his guardian *ad litem*, appointed after the appeal.

A motion for that purpose, made by the guardian, at the term next after that at which he was appointed, was held to have been seasonably made, it appearing that he had not, at the term when he was appointed, opportunity to consider his position and the rights of his ward.

APPEAL, taken by the defendant from the judgment of a justice of the peace, and entered in the court of common pleas, at the November term, 1850. At the November term, 1851, upon motion of the plaintiff, a guardian *ad litem* for the defendant was appointed by the court, the defendant

being at the commencement of the action, and still being an infant. The guardian, at the May term in 1852, moved that the appeal be dismissed, on the ground that the appeal could not be taken by the infant in person or by his attorney, no guardian having been appointed for him before the taking of the appeal.

*Flint*, for the plaintiff.

The motion to dismiss comes too late; the guardian, who was also the attorney who appeared from the beginning, having been appointed at a previous term. Howe's Prac. 213; *Weeks* v. *Leighton*, 5 N. H. Rep. 344.

There is no foundation for the motion; the defect complained of was *cured* by the appointment of the guardian, which is matter of practice and in the nature of amendment. 3 Bac. Ab. 613; 3 Black. Com. 427; 2 Kent's Com. 229; Rev. Stat. ch. 186, § 10.

The court below having jurisdiction, the matter being appealable, and having been appealed and entered, if any defect appears in the record or cause, it may be amended. *Farley* v. *Day*, (see *post*.) The court will not dismiss the case.

The alleged defect does not render legal proceedings void, but voidable only, and being amended *in certamine*, is cured. *Roberts* v. *Wiggin*, 1 N. H. Rep. 73; *Wright* v. *Steele*, 2 N. H. Rep. 51; *Orvis* v. *Kimball*, 3 N. H. Rep. 314; ———— v. *Coburn*, 7 N. H. Rep. 372, 589; *State* v. *Demick*, 11 N. H. Rep. 199; Bac. Ab. Infancy and Age I, 5 and 2; 2 Tyler's Vt. Rep. 44–58; 2 Johns. Rep. 192; 14 Johns. Rep. 417; Cruise on Fines 110; Cruise on Recoveries 1214; *Gorrell* v. *Whittier*, 3 N. H. Rep. 365; *Smith* v. *Knowlton*, 11 N. H. Rep. 191; *Clark* v. *Gilmanton*, 12 N. H. Rep. 517; 13 Vt. Rep. 330; 4 N. H. Rep. 96 & 106; 10 N. H. Rep. 444; 18 Vt. Rep. 290; 11 Johns. Rep. 450.

It is not material at what time the guardian is appointed, and the court may change him. *Clark* v. *Gilmanton*, 12

Robbins *v.* Cutler.

N. H. Rep. 517; *Goodwin* v. *Moore*, Cro. Car. 161; *Hindmarsh* v. *Chandler*, 7 Taun. 488.

The appeal was properly taken; the plaintiff could not have avoided it. Bac. Ab. Infancy and Age I, 6; N. H. Con. part 2, § 77; N. H. Rev. Stat. ch. 175, § 6; 5 Yerg. Rep. 307; 1 Dev. & Bat. 498.

Infancy of the plaintiff is not a ground of nonsuit, and after verdict, is cured by statute of jeofails.

After the appeal the judgment is vacated, and the plaintiff loses his remedy whether by the judgment or new action. 5 Mass. Rep. 376; 13 Mass. Rep. 266.

The question has been decided in. 18 Vt. Rep. 290.

*Burt*, for the defendant.

An infant must, in all cases, appear and defend by guardian. His appearance in person or by attorney is a ground upon which he may support a writ of error. 12 N. H. Rep. 515.

The guardian must be admitted before plea, and the admission must be stated in the plea. 2 Saund. 217, g. note, (1); Tidd (9th ed.) 99.

It is the duty of all courts wherein an infant is made defendant, to appoint a guardian *ad litem* for such infant. 2 Johns. 192; 12 N. H. Rep. 515.

An infant cannot appear by attorney, because it is a presumption of law that he has not sufficient discretion to appoint an attorney; *a fortiori*, it must be a presumption of law that he has not sufficient discretion to conduct his own defence.

An appearance and defence by an infant, in person or by attorney, are irregular and voidable at the instance of the infant or his guardian *ad litem*.

An infant cannot appeal. 11 Mass. Rep. 300.

WOODS, J. It is objected in this case that the motion to dismiss the appeal comes too late. It was made at the

term of the court next after the term at which the guardian was appointed. But it appears by the admissions at the bar, that at the term when the appointment was made the guardian had no opportunity to consider his new position, the duties devolved upon him by the appointment, or the rights and remedies justly and legally belonging to his ward. And we think if the remedy was open to him at all, it was not waived by any delay that appears in making the motion.

This brings us to the inquiry whether the remedy was one open to the infant at the time the guardian was appointed.

*Barber* v. *Graves,* 18 Vt. Rep. 190, was like this case in its facts, except that an erroneous judgment had been rendered in the court appealed to. The county court refused the motion of the defendant to dismiss the appeal. The ground of the refusal was that a guardian, after the appeal, and after the second judgment had been rendered, having been appointed, the incapacity of the defendant had ceased, and he had every ability for making every defence. Now we think that this view does not meet the necessities of the infant; it does not furnish him with the protection intended.

Instead of enabling him to protect himself against the consequences of his own presumed indiscretion, it seems to us that it makes right what was before wrong in the legal proceedings; it binds him to abide by his past errors and indiscretions. The appointment puts an end to all error in past proceedings, and disables the party to avail himself of them, or to object for that cause.

We think the appointment of a guardian can have no such retrospective effect upon the prior erroneous proceedings as to correct the errors, and that without a waiver thereof, or what will amount to a waiver afterwards, no such result can follow.

A very different view is taken in Massachusetts. *Valier*

Robbins *v.* Cutler.

v. *Hart*, 11 Mass. Rep. 300, cited at the bar. There it is holden that an infant cannot take an appeal. The case for decision was error to reverse a justice's judgment. It was objected that error will not lie where the party has the right of appeal. The principal of law was admitted, but the court held that the writ of error was well brought, because the infant could not appeal. In that case, the appeal would seem to have been regarded as a mere nullity. Whether it was such or not, however, we need not now decide.

It may be safely stated, as a general rule, that the acts and contracts of infants are, at best, voidable at their election. Going no further, and applying that principle to the present case, how does it stand? The claim of appeal was the act of the infant; he claimed and obtained it as a matter of right. Yet his acts, we have seen, are not binding upon him except at his election. Through his gurdian, he has elected to repudiate the act, and to treat it as having no binding force upon him. The case falls within the general principle, and we think the motion to dismiss the appeal should be granted. It is, perhaps, the only remedy which the party has to avoid the act of the infant, so as to let him in to his original rights and condition.

What effect this may have upon the justice's judgment we do not decide. It may leave it a voidable judgment, or it may be that the appeal has vacated it, notwithstanding the dismissal of the appeal. We give no opinion relative to any further rights or remedies of the infant than what is immediately before us.

*Appeal dismissed.*