Welles v. Thornton.

purpose. Neither the court or the counsel informed the jury of the proper effect of the offer. On the other hand we must assume, from the facts detailed in the case, that an erroneous impression was produced upon the minds of the jury in regard to the object of such offer, which was allowed to remain uncorrected by the court, and probably did influence the jury to the prejudice of the plaintiff.

It is said by the defendant's counsel that, as the verdict was for the defendant, it is apparent that no injury resulted from the introduction of the offer, as it could only effect the amount of damages in case the plaintiff prevailed in the action.

I do not think we should thus assume, as it is impossible to calculate how far the jury might have been influenced by the improper use of such evidence. An error can only be disregarded where it affirmatively appears that no possible injury could arise to the party complaining. (*Worrall* v. *Parmelee,* 1 *Comst.* 519.) I am, therefore, of opinion that the judgment must be reversed, and a new trial had in the county court, with costs to abide the event.

[ALBANY GENERAL TERM, September 18, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]

---

WELLES *vs.* THORNTON.

Where the affidavits presented to a judge, on an application for an order of publication, tend to establish the requisite jurisdictional facts to authorize him to make the order, if he errs in his decision upon such evidence, and grants the order, it is a judicial error, which may be reviewed and rectified upon appeal, or on motion to set aside the order and proceedings, but can not be questioned in a collateral proceeding.

A mistake, or error of judgment or opinion, in passing upon the force and weight of such evidence, will not render the order or process issued void, but simply irregular and erroneous.

Welles *v.* Thornton.

But if a judgment has been set aside, upon the ground of the insufficiency of the proofs made to the judge as the basis of an order for publication against the defendant as a non-resident, it is no longer of any validity, for any purpose, so as to protect any parties for acts done under it, except mere ministerial officers.

Such a judgment will constitute no justification or protection to a person not a party to the suit, who delivers up to the receiver appointed therein, property which, as bailee, he is bound to keep for his bailor.

If a bailee is made a party to a suit, and is required by judgment or order of the court to transfer the property in his possession to a receiver, that will protect him, as against his bailor; but if, on request, and without any order or judgment binding upon him, he voluntarily gives up the property to the receiver, he assumes the legality of the proceedings in the suit in which the receiver was appointed, and is bound to show their validity, for his protection.

THIS is an appeal, by the plaintiff, from a judgment entered upon the findings of a referee. The complaint alleged that the defendant, who is an attorney at law, procured for the plaintiff a bounty land warrant for one hundred and sixty acres of land, and then converted it to his own use, or acted so negligently in the matter that the land warrant was lost to the plaintiff. The answer set up in avoidance of the complaint, that after the defendant had procured the land warrant, one Stephen S. Langmaid instituted a suit in the nature of a creditor's bill against the plaintiff, in which suit Allen D. Scott was appointed receiver, and was directed to take possession of all the property of Welles. It denies that the defendant has the warrant, or that he had it when it was demanded.

On the 17th day of January, 1860, the receiver called on the defendant and demanded the said land warrant under and by virtue of the judgment rendered in the said action, at the same time showing him the judgment. The defendant delivered the warrant to him in pursuance of that demand, and the warrant was afterwards sold by the receiver. No demand of the warrant was made by the plaintiff until January, 1861, and this action was commenced in the fall of 1861. On the 17th day of June, 1862, the plaintiff procured an order from the court in the 8th district, in the suit of Langmaid against

Welles, setting aside and vacating the judgment in that action and all proceedings therein. After the testimony had been closed in this action, the plaintiff procured the case to be opened by the referee for the purpose of introducing that order in evidence. The referee found the following conclusions of law: 1st. That the court never acquired jurisdiction of the person of Talcott Welles in the creditor's action of Langmaid against him. 2d. That the order of publication of the summons in that action, made by "N. Cobb, county judge," was null and void; and that all proceedings subsequent thereto in that action, including the judgment and the order appointing Allen D. Scott receiver, and the proceedings of the receiver, were also irregular and void. 3d. That the said military bounty land warrant was subject to be charged with the payment of the debts of the said Talcott Welles incurred prior to the issuing thereof, and might be taken therefor, in the same manner as any other property or choses in action of said Welles. 4th. That the defendant was justified in giving the said land warrant to Allen D. Scott, receiver, on the 17th of January, 1860, the judgment or order appointing him receiver not having then been set aside. 5th. That the order of the court in the action of Langmaid against Welles gave the receiver colorable authority to demand the warrant of the defendant. 6th. That the defendant was not bound to go behind the order and ascertain whether all the proceedings in the action were regular or gave the court jurisdiction to appoint a receiver, and render the judgment it did render, but was justified in delivering the warrant to the receiver on demand and presentation of the order, the order appearing to be regular upon its face and the defendant having no knowledge of any irregularity in the proceedings. 7th. That the defendant was entitled to judgment. To which conclusion of law the plaintiff excepted. Judgment was afterwards entered in favor of the defendant, for costs; to which the plaintiff duly excepted.

Welles *v.* Thornton.

*J. Van Voorhis, Jr.* for the appellant.

*Geo. W. Rawson,* for the respondent.

*By the Court,* E. DARWIN SMITH, J.   The single question upon which this action turns, and presented for our consideration, is whether the judgment in the creditor's suit of Langmaid against the plaintiff protects the defendant in delivering to the receiver appointed in such suit the land warrant held by him belonging to the plaintiff Welles.   The judgment and proceedings in that suit having been set aside, the question is whether while it remained in force it was any protection for acts done upon its authority.

The plaintiff claims that it was a void judgment—of no force or validity whatever, and that all persons concerned in executing it are trespassers.

In *The Chemung Canal Bank* v. *Judson,* (4 *Seld.* 254,) the rule in respect to void judgments is so stated by Judge Ruggles, referring to *Elliott* v. *Piersol,* (2 *Peters,* 328–340.)

But the rule as there stated in respect to void judgments must be qualified in respect to ministerial officers acting in the execution of the process, valid upon its face and issued out of a court of general jurisdiction, and who have no notice of the invalidity of the judgment.

A judgment may be void as to the parties and valid to protect ministerial officers—when the court issuing it had jurisdiction of the subject matter, and nothing appears on the face of the process to apprise the officer that the court had not also jurisdiction of the person. (*Savacool* v. *Boughton,* 5 *Wend.* 170.  5 *Hill,* 440.  2 *N. Y. Rep.* 473.  2 *Denio,* 86.)

But the judgment in *Langmaid* v. *Welles* was not absolutely void.   The court clearly had jurisdiction of the subject matter, and the requisite steps had been taken by obtaining an order from a judge to publish the summons as against non-resident debtors, according to the provisions of section 135

of the Code, to acquire jurisdiction of the person. The order, proper in form, was made by the county judge, and it was duly published. The affidavits presented to the county judge and on which the order was based, certainly tended to establish the required jurisdictional facts to authorize him to make the order, and if he erred in his decision upon such evidence, it was a judicial error which might be reviewed and rectified upon appeal or on motion to set aside the order and proceedings, but could not be questioned in a collateral proceeding.

Such is clearly the rule when the proof presented to a judicial officer to make out the preliminary jurisdictional facts essential to be established as the basis of an order or process which he is authorized to grant or issue, has a legal tendency to make out the case required by the statute. A mistake or error of judgment or opinion in passing upon the force and weight of such evidence does not render the order or process issued void, but simply irregular and erroneous. If no evidence be offered or presented to the officer tending to prove the requisite jurisdictional facts in such case, then the order made would be absolutely void and no justification of the subsequent proceedings. (*Miller* v. *Brinkerhoff*, 4 *Denio*, 120. *Skinner* v. *Kelly*, 18 *N. Y. Rep.* 356. *Van Alstine* v. *Erwin*, 1 *Kern.* 340.)

But this judgment in *Langmaid* v. *Welles* having been set aside upon the ground of the insufficiency of the proofs made to the judge as the basis of the order for the publication of the summons against Welles, as a non-resident, it has ceased to be of any validity for any purpose, so as to protect any parties for acts done under it except mere ministerial officers upon the principle above stated. The court has in effect decided that it never had acquired any jurisdiction of the person of the defendant Welles, and could not therefore render any valid judgment to affect him or his rights. All acts based upon the judgment are therefore void, except as above mentioned.

It follows, I think, from these principles, that this judgment constitutes no justification or protection for the defendant. He was not a ministerial officer, nor was he a party to the suit so as to be bound by the judgment. He was a simple bailee of the land warrant in question, and was bound to keep it for his bailor.

Nothing will excuse a bailee from the duty to restore the property to his bailor, except that he can show that it was taken from him by due process of law, or by a person having the paramount title, or that the title of his bailor has terminated. (*Bliven* v. *Hudson River R. R. Co.,* 35 *Barb.* 191. *Burton* v. *Wilkinson,* 18 *Verm. R.* 186. *Story on Bailm.* §§ 120, 264 *and* 582. *Bates* v. *Stanton,* 1 *Duer,* 79, 85.)

If the defendant had been a party to the suit and been required by judgment or order to transfer the land warrant to the receiver, that would have .protected him; but when he voluntarily gave it up to the receiver, he assumed the legality of the proceedings in that suit and is bound to show their legality, for his protection. Before he gave up the warrant to the receiver, I think he should have assured himself that the judgment was a valid one, and such as would afford him a complete justification. He knew that Welles was absent from the country, and that no process could have been served upon him, and I think that he was bound to see that the plaintiff in that proceeding had obtained a valid judgment. In assuming to give up the warrant on request, without any order or judgment binding upon him, he undertook to affirm the legality of the proceedings. In *Bliven* v. *The Hudson River R. R. Co. (supra,)* Judge Emott says: "It is true that if the goods are taken from the bailee by the authority of the law, exercised through a regular and valid proceeding, it will be a defense to an action by the bailor. The bailee must assure himself and show the court that the proceedings are regular and valid." Such, I think, must be the rule whenever the bailee voluntarily gives up the goods. When they are taken from him by legal pro-

cess, he must show that it was upon process regular and valid upon its face.    He is not bound to resist a public officer having valid process against the goods.    But if he complies with any other demand or claim by virtue of legal proceedings not against himself, he must do it at his peril.    He must see that the claim or proceeding is a valid one, and he must maintain the validity of such claim, to make out a defense or justification against his bailor.

Giving up this warrant to the receiver was giving it up voluntarily.    In *Scrantom* v. *The Farmers and Mechanics' Bank of Rochester*, (24 *N. Y. Rep.* 426,) the bank yielded to the demand of the receiver and paid over the moneys without suit.    This was held no protection to him.    Judge Sutherland said : " It is doubtful whether the bailee has a right to yield to regular legal proceedings without defending or notifying the bailor of such proceedings." I think he may yield to such proceedings without suit, if satisfied of their regularity, and willing to assume the risk of their validity.    At least he must show their validity, if he give up the property without a suit against him, or a binding judgment or order as upon supplementary proceedings.

If these views are concurred in by my brethren, the judgment in this action must be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed.

[Monroe General Term, December 4, 1865. *Johnson, J. C. Smith* and *E. D. Smith,* Justices.]