# HARVEY F. AUBREY, Respondent, v. JOSIAH M. FISKE, Appellant.

*Pleading—Conversion by Agent—Property of Principal.*

Where an agent converts the property of his principal into money in pursuance of his agency, and applies the money to his own use, in an action by the principal to recover the same, it is no defence for the agent to set up that the property converted was not, in equity, that of the principal; and if he sets up facts of that character in his answer, the Court, on motion, may strike out that portion of the answer as irrelevant.

Appeal from the Supreme Court. The action was against the Defendant, a commission merchant in New York, for the proceeds of property received by him for sale from E. T. Aubrey & Co., the assignors of the Plaintiff.

The trial resulted in a judgment in favor of the Plaintiff for $2,980.07, which was affirmed at the General Term in the First Judicial District. The only question made on the appeal to this Court, is as to the correctness of an interlocutory order, striking out portions of the answer as irrelevant.

It was alleged in the complaint, that in 1862 the Defendant received from E. T. Aubrey & Co., the assignors of the Plaintiff, a quantity of wheat and bags, and sold the same for their account as a commission merchant; that he rendered to them an account of the sales, the net proceeds of which were $3,979.50, of which $1,145.16 became due on the 6th of March, and the balance on the 25th of May; that he paid $1,200 of the amount; that the balance was assigned to the Plaintiff; that the Defendant refused to pay it; and that such balance remained due to the Plaintiff.

The answer, not denying the material facts, alleged, among other things, that the property was shipped in the name of Aubrey & Co. by mistake, and should have been shipped in the name of Solomon Sturgis & Son; that of the property received by the Plaintiff as alleged in the complaint, a portion was furnished by Sturgis & Son, who made advances to Aubrey & Co., and by the

arrangement between those parties, the shipment was to be made in the name of Sturgis & Son, the same to be sold on their account, and the title to remain in them until such sale; that by mistake the shipment was made in the name of Aubrey & Co.; that the proceeds of the sales were not more than sufficient to pay the advances made to the latter by Sturgis & Son, and the value of the wheat received from them; and that the Defendant did not learn these facts until after he had rendered his account of sales, but was notified of them before he paid over the proceeds.

These portions of the answer were struck out as irrelevant, by order of Judge Leonard, at Special Term, and the order was affirmed at the General Term.

*E. More* for Appellant.
*Edgar Ketchum* for Respondent.

PORTER, J.—The property was received from Aubrey & Co. by the Defendant, who converted it into money as their agent, and now proposes to detain the proceeds from his principal. The pretext for converting the money to his own use is, that it equitably belongs to Sturgis & Son, as between them and the parties from whom he received it. He sets up this claim of his own motion, after rendering an account of sales to his principals, and seeks to excuse his breach of duty by alleging outstanding equities in which he has no concern. He pays the money to neither party; does not offer to pay it into court; does not propose to interplead the supposed claimants; and complains that the Court will not permit him to detain the proceeds from his principal, while he litigates, as a volunteer, a supposed claim of third persons, who are not parties to the suit, and cannot be bound by the judgment.

The Supreme Court was right in striking out this portion of the answer as irrelevant. It constituted no defence to the action, and had no bearing on the measure of damages. (Bates *v.* Stanton, 1 Duer, 79; Story on Bailments, §§ 451, 582; Angell on Carriers, 3d ed. § 335; McKay *v.* Draper, 27 N. Y. 256; City

Bank of New Haven *v.* Perkins, 29 N. Y. 554; Laverty *v.* Moore, 33 N. Y. 658.)

The judgment should be affirmed.   Judge Scrugham read an opinion to the same effect.

All the judges concurring, judgment affirmed.