HENRY BARNARD *v.* WILLIAM A. KOBBE AND OTHERS.

In an action by a consignor against his consignee for the conversion of certain goods consigned for sale, the defendants' answer averred that the goods had been levied on as the property of a third person, to whose attaching creditor, or to the sheriff, under the attachment, they had paid the proceeds of the goods. *Held*, that the answer was frivolous. A bailee cannot in general, dispute his bailor's title; and in this case, the property was not taken by due process of law so as to exonerate the bailee.

APPEAL by the defendants from an order of DALY, F. J., at Special Term, granting judgment on the answer as frivolous.

The action was brought on the 28th day of September, 1868, to recover the proceeds of certain merchandise named in the complaint, consigned by the plaintiff to the defendants in the month of May, 1868, to be sold by the defendants. The answer interposed by the defendants admitted the consignment of the goods, but set up that on the 23d day of May, 1868, the merchandise in question, and the proceeds thereof, were levied upon by the sheriff of the county of New York, as the property of one Emanuel M. Arnstein, by virtue of a certain warrant of attachment in favor of Peck & Schulhoff, of which the plaintiff had notice, and that the proceeds were subsequently paid over by the defendants to the sheriff of New York county, under said attachment; and secondly, that the proceeds of said merchandise were paid over by the defendants to the attaching creditor, in the month of August, 1868, by the direction of a

certain order issued by the Supreme Court; and that the merchandise in question was not the property of the plaintiff, but was the property of said Arnstein.

The plaintiff moved the court, at Special Term, for judgment, on the ground of the frivolousness of defendants' answer.

On the hearing of the motion, judgment was directed in favor of the plaintiff for the amount claimed in the complaint, with ten dollars costs of motion, on the ground of the frivolous answer of defendants.

From this order defendants appealed.

*H. F. Pultz*, for appellants.

I. A frivolous answer denies no material allegation of the complaint and sets up no defence. The insufficiency must be so glaring that it must appear upon a bare inspection without argument. A bailee is not liable to his bailor for property taken from him by legal proceedings. It is not necessary for his exoneration that the decision of the tribunal in which such proceedings are had, should be correct, nor even that he should have contested the same. It is sufficient if the court had jurisdiction, unless the bailee acted in bad faith (Angell on Car. § 387; *Blivin* v. *Hudson River R. R. Co.*, 35 Barb. 188; 2 Redf. on Railr. § 168; *Bates* v. *Stanton*, 1 Duer, 79; *Rogers* v. *Weir*, 34 N. Y. 463).

II. Whatever the rule may be in ordinary cases, it is certain that under special circumstances the *jus tertii* may be set up as an answer to an action of trover or replevin. Thus, while a bailee or agent cannot ordinarily refuse to give up property entrusted to his care to the person from whom he received it, on the ground that the absolute right or title is in a third person, yet an actual delivery in good faith to the owner or a recovery by him, will be good defence to a suit brought by a bailor; and it is equally well settled, that the bailee may withhold property from the bailor in obedience to a request on the part of the owner (*Bates* v. *Stanton*, 1 Duer, 79; *Beach* v. *Berdell*, 2 *Id.* 327; *Edson* v. *Weston*, 7 Cowen, 278; *Shelbury* v. *Scottsford*, Yelverton, 23; *King* v. *Richards*, 6 Wharton,

418; *Wilson* v. *Anderton*, 1 Barn. & Ad. 450; *Ogle* v. *Atkinson*, 5 Taunton, 759; *Sheridan* v. *The New Quay Co.*, 4 C. B. N. S. 618; *Floyd* v. *Bovard*, 6 W. & S. 76).

*Samuel Boardman*, for respondent.

By THE COURT.—BARRETT, J.—The answer is clearly frivolous. The relation of bailor and bailee is admitted; also, the sale of the goods, and the rendition of an account showing the net proceeds in the defendants' hands belonging to the plaintiff. The non-payment of this amount is sought to be justified by averring title in a third person, one Arnstein, against whom an attachment was issued, which is stated to have been levied upon the goods in question "*and their proceeds*" in the defendants' hands, and under which, after notice to the plaintiff of the levy, these proceeds were paid by the defendants to the sheriff of this county. There is also another averment, inconsistent, however, with the prior plea, to the effect that these very proceeds were paid to the attorney for the plaintiff in the attachment, "under and by virtue of an order issued by the Supreme Court."

This order is not appended, what it really directed is not stated, and no jurisdictional fact is set up. Such an averment is worse than frivolous. It savors of duplicity.

With respect to the other plea, the appellants are fully met by the familiar principle that the bailee cannot, in general dispute the title of his bailor, nor set up a better title in a third person.

The special matter here pleaded wholly fails to bring the case within any of the exceptions to this rule.

The property was not taken by due process of law, nor by title paramount, nor is it charged that it was obtained by felony, force, fraud, or collusion with Arnstein (*Bates* v. *Stanton*, 1 Duer, 78, and cases there cited). The due process of law which has been held to exonerate the bailee is that which is set in motion directly against the bailor (*Bliven* v. *The Hudson River R. R. Co.*, 35 Barb. 191; *Burton* v. *Wilkinson*, 18 Verm. R. 186). Here, as between the plaintiff and the defend-

ants, the former was *prima facie* the true owner, and the levy under an attachment against another did· not prevent the defendants from paying over to the plaintiff, nor, as to ·either of them, did it place the goods or their proceeds in the custody of the law (*Rogers* v. *Wier*, 34 N. Y. R. 463). Even where the sheriff, under such circumstances, is indemnified, and removes the·goods by force, the bailee is bound to treat such acts as a naked trespass, and to protect his bailor. Otherwise, he adopts the situation of the attaching creditors, with all its attendant peril. Such are the consequences which flow from mere passiveness. But, here, the defendants have been guilty of an active and .direct breach of duty in voluntarily paying the money over to the sheriff. We say voluntarily, because the payment was not directly compelled (*Scranton* v. *Farmers' and Mechanics' Bk. of Rochester*, 24 N. Y. R. 424; *Welles* v. *Thornton*, 45 Barb. 390). It is plain that such payment was in fraud of the plaintiff's rights, and cannot be justified by the mere averment, bad in itself, of title in the defendant in the attachment.

The order should be affirmed, with costs.