White, J.
If Lewis & Son had retained the receipt, it is clear that they, upon the facts, could have maintained no action against the defendants.
In Burton et al. v. Wilkinson et al., 18 Verm. 186, it was held, “ if a warehouseman receive goods, and the bailor had no title to the goods, and they are taken from the custody of the warehouseman by the authority of the law, as the property of a third person, the warehouseman may show this in defence of an action brought against him by the bailor of the goods.”
The only question for our determination is, whether the plaintiff, as the assignee of the receipt, occupied a better position than Lewis & Son would have occupied had they retained the receipt.
A receipt given by a warehouseman for property placed ■in his possession for storage, is not, in a technical sense, like a bill of exchange, a negotiable instrument, but it merely stands in the place of the property it represents, and &• delivery of the receipt has the same effect in transferring the title to the property as the delivery of the property. Burton v. Guryea, 40 Ill. R. 320.
The question has frequently been brought under consideration in regard to bills of lading.
Thus in Thompson v. Dominy (14 Mees. & Welsb. 403) it was held, that a bill of lading is not negotiable like a bill of exchange, so as to enable the indorsee to maintain an action upon it in his own name; the effect of the indorsement being only to transfer the right of property in the goods, but not the contract itself.
Park, .13., in delivering the opinion in that case,.said : “ I never heard it argued that a contract was transferable, except by the law merchant; and there is nothing to show that a bill of lading is transferable under any custom of merchants. It transfers no more than the property in the goods ; it does not transfer the contract.”
*425 And Alderson, B., in his concurring opinion, added, that the word “ negotiable,” as applied to a bill of lading, “ was not used in the sense in which it is used as applicable to a bill of exchange, but as passing the property in the goods only.”
To the same effect is Gurney v. Behrend, 25 E. L. and E. 136, S. C. 3 Ellis & Bl. 622; Howard v. Shepherd, 9 Man., Grang. & S. 298, S. C. 67 E. C. L. 297; and Blanchard v. Page, 8 Gray, 296.
Nor is there any force in the claim made in argument, that the receipt in this case was negotiable because, by its terms, the property was declared to be subject to the “ order ” of the bailor. In this class of instruments the property is usually made deliverable to “ order ” or “ assigns; ” and such was the fact in all of the cases above cited.
This ease is clearly distinguishable from the cases urged upon our attention, where negotiable paper, invalid between the original parties, has been enforced in favor of a honájide holder for value; also, from the cases where the representation of the defendant has been made directly to the plaintiff, with thp view of influencing his conduct.
In the former class of cases, the negotiable character of the paper affords the holder protection; in the latter class, when the other necessary elements are found, there exists good ground for the application of the doctrine of estoppel.'
The issuing of the receipt in this case involved no element of bad faith, but was simply a mistake of the defendant, which he was influenced to commit by the application of Lewis, whose conduct distinctly implied that no receipt had before been given for the forty-two barrels.
In Caldwell v. Ball (1 D. & E. 205) it was held, that where several bills of lading have been signed, no reference is to be had to the time when they were signed by the captain; but the person who first gets one of them by legal title from the owner or shipper has a right to the consignment. Also, that when such bills, though different upon the face of them, are constructively the same, and the captain has acted honá *426 fide, a delivery according to such legal title will discharge him from them all.
The action was trover, brought by the assignee against the captain for the goods embraced in the bill of lading first issued.
It was contended for the plaintiff that the contradictory claims of the assignees of the different bills of lading resulted from the defendant’s own wrong, and could not have happened without, and that he was therefore liable to the plaintiff.
In speaking to this point, Buffer, J., said: “ The defendant acted fairly, and it could only happen by the subsequent conduct of Thompson [the shipper], namely, by his afterwards indorsing the bill of lading to another party, that any difficulty could arise.”
And Ashurst, J., also declared, that “ If it could be proved, or there was any reason to infer, that the defendant meditated a fraud on any person, that would afford an argument against him; but no fraud can be presumed here.”
The plaintiff was held not entitled to recover.
The decision in Griswold v. Haven (25 N. Y. 596), cited and relied upon by the plaintiff’s counsel, does not sustain him. The estoppel in that case was held to arise on the false representation of Wright, one of the defendants, that the grain mentioned in the receipts was in store and in good order. -This representation was made directly to and was relied upon by the plaintiff in making the advances.
That this was the ground of the estoppel enforced in that case, is apparent from the comments made upon the cases of Grant v. Norway (10 C. B. 665) and Coleman v. Riches (29 E. L. & E. R. 323), and from' page 607 of the report, where Selden, J., in delivering the opinion of the court, says: “ I have no hesitation, therefore, in holding that, under the circumstances of this case, the defendants were bound by the representations of Wright. I mean the verbal representations ; not the representations contained in the receipt.”
In the present case, it is to be observed, that we have, in *427 this State, no statute affecting the rights of the parties; and, in' the absence of such statute, we are of opinion that the defendant is not estopped from showing, as against the plaintiff, the mistake in the issuing of the receipt as a defence to the action.

Judgment affirmed.

Brznkerhoee, C.J., and Scott, Welch, and Day, JJ., concurred.