———o————

John A. Cross, Plaintiff in Error, *vs.* Stephen O. Hulett,
Defendant in Error.

against another of two joint owners of personal property, nor will a defendant
in such action be entitled to recover anything, save his costs.

*Error to Caldwell Court of Common Pleas.*

*Dixon, Hoskinson & McLaughlin,* for Plaintiff in Error.

*Dunn and Johnson,* for Defendant in Error.

Sherwood, Judge, delivered the opinion of the court.

This was a suit brought before a Justice of the Peace, by
Cross against Hulett, to recover a cane mill, skimmer and
pans, valued at $40.00—resulting in a verdict and judgment
for defendant. On appeal to the Common Pleas Court, the
plaintiff had a verdict, which was set aside and a new trial
granted, when the defendant again had a verdict and judg-
ment in his behalf for the recovery of the *property* sued for,
as well as for costs. This record (which has embodied within
it a large portion of the petty quarrels, animosities and small
trades of a neighborhood in Caldwell County, having no ne-
cessary connection with the matter in dispute,) shows that a
Mrs. Beckett, the·plaintiff and the defendant, were the joint
owners of the above mentioned property, and that plaintiff

53 397
59a 305
59a 307
53 397
138 367
53 397
73a 229
53 397
f 88a 406

claimed in his evidence on the trial, that defendant had sold him his interest therein, which transfer was disputed by defendant. But whether defendant had sold his interest or not, in neither event was he entitled to a judgment against the ·plaintiff for the *property* in suit, as it is not pretended that the latter had ever parted with his joint share in the property. Replevin, or, its statutory substitute, an action for the possession of specific personal property, cannot be maintained by one joint owner of personal property against his co-owner, for the obvious reason that neither is entitled to the *immediate* and *exclusive possession* of such property. (2 Grlf. Ev., §§ 563 646 and 648; Wells vs. Noyes, 12 Pick., 324; 6 Bac. Ab., 697; *Id.*, 71.)

For these reasons the judgment for the defendant, as rendered, was manifestly erroneous, regardless of what instructions may have been given or refused.

Judgment reversed and cause remanded. Judges Wagner and Napton absent, the other Judges concur.