THOMAS F. CLARK *vs.* JAMES WILSON *et al.*

An officer may break into a shop or other building not connected with a dwelling house in order to serve process of attachment, provided he first asks admission, if any person is present to grant it, and is refused.

He is not obliged to seek elsewhere for chattels to attach before breaking into such shop or building.

EXCEPTIONS to the Court of Common Pleas.

*October* 12, 1882. DURFEE, C. J. This is an action of trespass for breaking and entering the plaintiff's close and carrying away cigars and tobacco. The defendants plead in justification that they broke and entered the close in the execution of a writ of attachment, one of them being the officer charged with the service of the writ and the other his aid. The plea shows that the officer first demanded the cigars and tobacco of the plaintiff to attach them, and that the plaintiff refused them ; that he then went to

the close mentioned which was a shop, not in a dwelling nor in a building occupied as a dwelling, and, after asking admittance of a person in charge, telling him he had a writ of attachment to serve, and being refused, entered the shop, assisted by his aid, using no unnecessary force, and attached the cigars and tobacco. The plaintiff demurred to the plea. The case was tried in the Court of Common Pleas and the demurrer overruled. It comes up here on exceptions.

It is perfectly well settled that an officer ordinarily has no authority to break an outer door or window of a dwelling house in order to enter it for the purpose of executing a civil writ or process. *Semayne's case*, 5 Rep. 91 ; 1 Smith Lead. Cas. *183 ; *Curlewis* v. *Laurie*, 12 Q. B. 640 ; *Burdett* v. *Abbot*, 14 East, 1, 154. It is equally well settled, however, that this privilege of the dwelling house is to be strictly construed, and that it will not be extended to a shop, barn, or out house unconnected with it. *Penton* v. *Browne*, Sid. 186 ; *Haggerty* v. *Wilber*, 16 Johns. Rep. 287 ; *Brown* v. *Glenn*, 16 Q. B. 254. Indeed, so strictly is the privilege construed that it is settled that an officer, who has once gained peaceable admittance into a dwelling house, has authority while there to break any inner door for the service of his writ or process, if it be not opened to him on demand, even though it be the door of a room occupied by a lodger, not a member of the family. *Lloyd* v. *Sandilands*, 8 Taunt. 250 ; *Lee* v. *Gansel*, 1 Cowp. 1 ; *Ratcliffe* v. *Burton*, 3 Bos. & Pul. 223 ; *Williams* v. *Spencer*, 5 Johns. Rep. 352 ; *Hubbard* v. *Mack*, 17 Johns. Rep. 127 ; *Glover* v. *Whittenhall*, 6 Hill N. Y. 597. The only qualification which we find to the authority of the officer to break into a shop or other building disconnected from a dwelling house, for the service of civil process, is that he shall first ask admittance, if there be any person present to grant it, and be refused. *Burton* v. *Wilkinson*, 18 Vt. 186. He is not obliged to seek elsewhere for goods and chattels to attach, before breaking and entering such shop or building to attach them there.      *Exceptions overruled.*

*Hugh J. Carroll*, for plaintiff.

*William H. Clapp*, for defendant.