PULLIAM v. BURLINGAME, *Plaintiff in Error.*

1. **Replevin**: ACTION BY JOINT OWNER. One joint owner of personal property cannot maintain an action of replevin against his joint tenant, and where the case develops these facts alone, the plaintiff cannot recover.

2. ———: PLEADING. In an action of replevin, under the code, a general denial is sufficient to put the plaintiff to proof of title, or right of possession, without any averments of title in defendant, or in a stranger.

3. ———: BAILOR AND BAILEE: ESTOPPEL. It is a general rule that a bailee of property cannot dispute the title of his bailor, and where defendant borrowed a pair of mules of plaintiff, and at the time made no mention of any claim to them by himself or wife, he will be estopped to claim them against plaintiff, on the ground that they were the joint property of plaintiff and defendant's wife, and that he was holding them with and for his wife.

4. **Jus Tertii**, doctrine of, applied.

*Error to Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge

AFFIRMED.

*Boggess & Moore* and *Railey & Burney* for plaintiff in error.

The record, as we conceive, presents but one point in the case, to-wit: Can one tenant in common of personal property maintain an action of replevin against his co-

owner, upon the sole ground that the latter borrowed the property from him? The record fails to show that any consideration was paid, or to be paid, for the use of the mules, and also fails to show that defendant agreed, or was bound, to return the same. "Replevin or its statutory substitute, an action for the possession of specific personal property, cannot be maintained by one joint owner of personal property against his co-owner, for the obvious reason, that neither is entitled to the immediate and exclusive possession of such property." *Cross v. Hulett*, 53 Mo. 397. Se also *Lisenby v. Phelps*, 71 Mo. 522; Coke on Littleton, p. 200, note a; *Russell v. Allen*, 13 N. Y. 173; *Davis v. Lattich*, 46 N. Y. 397; *Prentice v. Lobb*, 12 Conn. 330; *Kindy v. Green*, 32 Mich. 310; *Fraus v. Young*, 24 Ia. 375; *Grim v. Wicker*, 80 N. C. 343; *Hewlett v. Owens*, 50 Cal. 475; Lindlay on Part., vol. 1, p. 65; Freeman on Co-tenancy and Partition, §§ 245, 287, 289, 448, and cases cited; Wells on Replevin, §§ 152, 153, 154, and cases cited. Plaintiff claimed to be the exclusive owner of the mules, and if any demand could be presumed, it must have been for the exclusive use and possession of the property. The record, however, fails to show that any demand whatever was made for the possession of the property in controversy; the instruction, therefore, asked and given at the instance of plaintiff, was erroneous. *Person v. Wilson*, 25 Minn. 190; *Swartwout v. Evans*, 37 Ill. 443; *Gilber v. Dickinson*, 7 Wend. 449; *Osborn v. Schenck*, 83 N.Y. 206. In Littleton, section 323, we find the following language: "If two be possessed of chattels, personalls in common, by divers titles, as of a horse, an ox or a cow, etc., if one take the whole to himself out of the possession of the other, the other hath no remedie, but to take this from him who hath done to him the wrong to occupy in common, etc., when he can see his time." The foregoing seems to be recognized as well settled law in this country. Freeman on Co-tenancy and Partition, § 287; *King v. Phillips*, 1 Lans. (N. Y.) 421; *Southworth v. Smith*, 27 Conn. 355; *Dixon v. Thatcher*, 14 Ark. 145; Wells on

Replevin, § 152, and cases cited; *Sharp v. Benoist*, 7 Mo. App. 535, 536. The possession of one tenant in common is the possession of all. *Buckmaster v. Needham*, 22 Vt. 617; *Southworth v. Smith*, 27 Conn. 359; *Covington v. Stewart*, 77 N. C. 150; *Bermicker v. Miller*, 40 Mo. 474. Our statute makes provision for partition of personal property between the co-owners. R. S. 1879, § 3398, *et seq.*

*John F. Lawder* for defendant in error.

A bailment of an article to be used by the borrower without paying for its use, can be terminated at the pleasure of the lender. 2 Kent's Com., (9 Ed.) p. 776; Story on Bailments, (6 Ed.) § 258, and cases cited; 1 Bouvier's Institutes, §§ 1078, 1079. When tenants in common agree that one shall have exclusive possession, he may maintain replevin against his co-tenant. *Morgan v. Hedges*, 4 Cal. 526. Defendant was the borrower, and it was his duty to return the property. *Barrow v. Landes*, 1 Duv. (Ky.) 299; Wells on Replevin, p. 63; *Simpson v. Wren*, 50 Ill. 224; *Brasley v. Hamilton*, 15 Pick. 40. No demand prior to that made by the officer who served the writ was necessary. Want of demand may be taken advantage of in the manner prescribed by statute. R. S. 1879, § 1018.

MARTIN, C.—The plaintiff brought an action of replevin in the circuit court for the recovery of two mules, alleging that he was " the owner of, and entitled to the immediate possession of " the same. The defendant in answer made a general denial of the facts alleged in the petition. The case was tried by the court, a jury being waived by the parties.

Plaintiff offered testimony tending to prove that he was the owner and in possession of the mules in controversy; that about the month of February, 1880, defendant borrowed said mules from plaintiff, but said nothing then about his wife's interest in or claim to same. That defend-

ant held said mules, until they were taken out of his possession under the writ in this cause.

The defendant then offered, and the court heard testimony tending to show that Martha E. Burlingame was the sister of plaintiff, and wife of defendant; that she owned jointly with plaintiff an undivided half interest in said mules at the time they were borrowed by her husband, and also at the time they were taken from defendant under the writ aforesaid. Defendant also introduced evidence showing that he was in possession of said mules at the time they were replevied in this cause, as the agent of his wife; that he was simply holding the same with and for his wife, by reason of her half interest aforesaid. This was all the testimony offered.

The court, at the instance of plaintiff, declared the law as follows:

"If the court, sitting as a jury, believe from the evidence that the defendant borrowed the mules from the plaintiff and refused to return them to him when so requested, the court will find the right of possession in the plaintiff."

The defendant requested the court, which the latter refused to do, to declare the law as follows:

"If the court, sitting as a jury, believe from the evidence that at the time of the service of the writ herein, said defendant was the husband of one Martha E. Burlingame; that said Martha E. Burlingame was, at said date, the joint owner, with plaintiff, of the mules in controversy, and that said defendant was in possession of, and holding the same with and for his said wife, then the court should find the issues for defendant."

The court found the issues for the plaintiff, and rendered its judgment in due form accordingly.

The only questions which can arise before us on this record relate to the action of the court in giving the instruction asked by plaintiff, and refusing the one asked by defendant. It is well settled that one joint owner of per-

sonal property, cannot maintain an action of replevin against his joint tenant. Where the case develops these facts alone the plaintiff cannot recover. *Cross v. Hulett*, 53 Mo. 397; *Lisenby v. Phelps*, 71 Mo. 522; *Sharp v. Benoist*, 7 Mo. App. 535.

The evidence tended to show, that the defendant's wife was co-tenant with plaintiff in respect to the ownership of the property sued for; and that defendant at the time of the replevin, held the title under her and for her use. This would, under the decisions cited, constitute a good defense, provided the defendant was at liberty to make it, under the answer and the uncontradicted evidence in the case. Strictly speaking, there was no general issue in the action of replevin at common law. The plea of *non cepit* admitted title in the plaintiff. When the defendant sought to controvert the plaintiff's title, or right of property, he was required to make traverse of it, and to plead in addition thereto either title in himself, or in a stranger. The material thing was the traverse of the plaintiff's right of property, and the averment of title in the defendant, or in a stranger, was only matter of inducement. The omission of such matter of inducement was held to be cured by verdict. *Dermott v. Wallach*, 1 Black (U. S.) 96.

In pleading to this action under the code, a general denial has been held sufficient to put the plaintiff to proof of title or right of possession, without any averments of title in the defendant, or in a stranger. *Gray v. Parker*, 38 Mo. 160. Thus it seems, the defense embodied in the refused instruction was admissible enough under the pleading.

The next inquiry is, whether the defendant could make this defence of paramount title in his wife, in face of the contract of bailment by which he acquired possession of the mules.

The admitted evidence in the case is, that he borrowed them from the plaintiff, and that at the time he so borrowed and received them, he made no mention of any claim in favor of himself or his wife. I have examined this ques-

tion with a scrutiny which has not been confined to the briefs of counsel, and I am unable to reach any other conclusion, than that the defendant is estopped from making the defence by reason of the contract under which he acquired possession of the property in dispute from the plaintiff. In borrowing the mules he became a bailee of them like any other borrower. There being no time fixed for a termination of the bailment, that time could be indicated at any moment by the bailor. It was determinable at his option, and when so terminated, it was the duty of the bailee to return the property bailed to the bailor. The contract of bailment necessarily admits the right of property in the bailor, and the obligation to return it to him at the termination of the term of bailment. In other words, a bailee, when he receives the property by virtue of the bailment, legally admits the right of the bailor to make the contract of bailment. After this subservient relation of the defendant to the plaintiff in respect to the property was established, the law forbids him to dispute the title of plaintiff. The relation is analogous to that which exists between landlord and tenant, a relation which prevents the tenant from setting up against his landlord, either an outstanding, or self-acquired adverse title; and from attorning to a stranger without the consent of his landlord, or in pursuance of a judgment or sale under execution or deed of trust, or forfeiture under mortgage. *Stagg v. Eureka Tanning & C. Co.*, 56 Mo. 317; R. S. 1879, § 3,080; *McCartney v. Auer*, 50 Mo. 395. This rule does not prevent the tenant from showing that the landlord has parted with his title, for such fact would not be inconsistent with the title admitted by the demise. *Higgins v. Turner*, 61 Mo. 249.

In pursuing the analogy of these principles in the law of real estate, Mr. Edwards, in his work on bailment says: "The law always aids the true owner to recover his property; and it is a general rule that the bailee cannot dispute the title of his bailor. When, therefore, the bailee is applied to for the property by a third party claiming title, his pru-

dent course is, to leave the claimant to his action, and at once notify his bailor of the suit; he is not obliged to bear the burden of a litigation; and it is not safe for him to surrender the property on demand.   For nothing will excuse a bailee from the duty to restore the property to his bailor, except he show that it was taken from him by due process of law, or by a person having the paramount title, or that the title of his bailor has terminated." Edwards on Bailments, (2d Ed.) § 73; *Welles v. Thornton*, 45 Barb. 390; *Bates v. Stanton*, 1 Duer 79; *Blivin v. R. R. Co.* 36 N. Y. 403; *Burton v. Wilkinson*, 18 Vt. 186; *Aubery v. Fiske*, 36 N. Y. 47; *McKay v. Draper*, 27 N. Y. 256; *Sinclair v. Murphy*, 14 Mich. 392; *Osgood v. Nichols*, 5 Gray 420; *The Idaho*, 93 U. S. 575.

Mr. Bigelow in his work on estoppel says:  "The relation between bailor and bailee is analogous to that of landlord and tenant.   Until something equivalent to title paramount has been asserted against a bailee, he will be estopped to deny the title of his bailor to the goods entrusted to him."  Bigelow on Estoppel, (3 Ed.) 430.   The principle upon which he can relieve himself from the obligation to return the goods, is ably discussed by Justice Strong in the "Idaho" case, 93 U. S. 575, wherein he announces the doctrine, that an actual delivery of the goods by the bailee to the true owner, upon his demand for them, will constitute a valid defense against the claim of the bailor.   The same principle was applied by this court in the case of *Matheny v. Mason*, 73 Mo. 677, which was a suit between vendor and vendee for the consideration money of the goods sold.   The subject was ably and elaborately considered by Judge Ray, who rendered the opinion of the court. The vendor was suing for the price of corn sold, with implied warranty of title, and the vendee, in his answer, after admitting the sale and consideration price, pleaded that, at the time of the sale, he supposed the vendor was the owner of the corn; that after the sale and delivery, he learned that it belonged to a third party, named in the plea; that

said third party demanded of him payment for the same, and threatened suit if he refused; that, thereupon, he paid the full value thereof to said claimant, who was the true owner. It was also added, that the vendor was insolvent. This plea was held sufficient to rebut and overthrow the estoppel imposed on a vendee from denying the title of his vendor, when called upon for the purchase money. In the opinion significance was given to the facts, that the paramount title came first to the knowledge of the vendee after the sale; that said title was asserted by threats of suit; and that the money was actually paid over to the claimant before suit by the vendor. Now, if it requires such a defense to relieve the estoppel imposed upon a vendee, *a fortiori* the same, or any equivalent, will be necessary in the case of a bailee. It has long been settled in this state that the relation of a vendor and vendee, as to real estate, is antagonistic, and that the vendee is not estopped from setting up an outstanding, or after-acquired title. *Wilcoxon v. Osborn*, 77 Mo. 621. The estoppel between them is recognized only in respect to the purchase money. In a suit for it, the vendee is estopped from pleading want of title in the vendor, as long as he retains possession of the land. *Mitchell v. McMullen*, 59 Mo. 252; *Harvey v. Morris*, 63 Mo. 475; *Wheeler v. Standley*, 50 Mo. 509.

The relation of bailor and bailee is not antagonistic in any respect, or at any time. By accepting the property he not only admits the bailor's title, but he assumes, with respect to the thing bailed, a position of trust and confidence, which continues till it is returned or lawfully accounted for. Measured by these principles, the defendant's evidence must fail to excuse him from the obligation to return the borrowed property found in his possession at the time of the replevin. It does not appear that his wife, as paramount claimant, ever asserted any title to this property. Consequently his plea that he holds it as agent for his wife, implies that this is his voluntary act, and was not forced upon him by the assertion in any form of her pretended

title. It will not do for a bailee to hunt up a paramount claimant, and then when called upon by the bailor for the property, answer that he is now the voluntary bailee of such claimant. It must be apparent that this would enable him to enjoy the property by pretending to hold it for another. Justice Strong in the " Idaho " case remarks, " a bailee cannot avail himself of the title of a third person (though the person be the true owner) for the purpose of keeping the property for himself, not in any case where he has not yielded to the paramount title." 93 U. S. 575.

The evidence in this case shows that the defendant, at the time of the replevin, was in actual possession of the mules which he borrowed, and that his plea of being the agent or bailee of a paramount owner, rests upon his voluntary act alone, without suit, threat or demand of such owner or claimant.

Although the cases in which the doctrine of *jus tertii* is defined and enforced, are somewhat conflicting, I am not aware of any well considered expression which goes the length of justifying the defense, as it appears in the evidence and instructions of this case.

Accordingly I am of the opinion that the court did not err in refusing it, or in giving the one asked by plaintiff. The judgment should be affirmed; and it is so ordered. All concur.