UTICA,<br>August, 1829.

Woodworth<br>v.<br>McBride.

## WOODWORTH *vs.* MCBRIDE.

ERROR from the Monroe common pleas. Woodworth sued McBride in a justice's court, and declared against him in an action of covenant, for that the defendant on the 17th November, 1824, by an instrument under seal, agreed to transport 10,500 barrel staves in a canal boat to Albany as

Where, in a<br>contract rela-<br>tive to the<br>transportation<br>of merchan-<br>dize on the ca-<br>nal, the dan-<br>gers of canal<br>navigation are

excepted out of a warranty for delivery by a specific time, a plea generally alleging such dangers, without specifying them, as an excuse for non-performance, is not sufficient on special demurrer.

UTICA,
August, 1829.

Woodworth
v.
McBride.

expeditiously as possible, (the dangers of canal navigation excepted ;) provided the ice in the canal and other unforeseen accidents did not prevent, the staves to be delivered in Albany before the 1st January, then next ; but if so prevented, then to be transported as soon as the canal navigation opened in the spring. The plaintiff assigned several breaches, amongst others, that the staves were not transported by the 1st January, 1825, nor as soon as the canal navigation opened in the spring of 1825, nor at any time since. The defendant *pleaded* several pleas, amongst others, that he did deliver 8,500 of the staves, and would have delivered the residue but for the dangers of the canal. To this plea the plaintiff replied that the defendant did not deliver the staves as soon as the canal navigation opened in the spring of 1825. The defendant *rejoined* that he did, in the month of December, 1824, deliver 8,500 of the staves according to the contract, and would have delivered the residue but for the dangers of the canal. Plaintiff demurred specially, because the rejoinder does not state in what the dangers consisted ; defendant joined. The justice gave judgment for the plaintiff, and the defendant appealed to the Monroe common pleas, who adjudged the rejoinder good, and gave judgment for the defendant. Upon which the plaintiff below sued out a writ of error.

*A. Gardiner,* for plaintiff in error.

*S. Boughton,* for defendant in error.

*By the Court,* SUTHERLAND, J. I am inclined to think that it was the intention of the parties that the defendant should not be responsible for any delay or failure in delivering the staves, either in the fall of 1824, or the spring of 1825 ; if such failure was occasioned by the dangers of the canal, although the considerations urged by the counsel for the plaintiff to shew that the exception was intended to apply only to the dangers of the fall or winter navigation, are not without some force.

But the defendant, if he could not perform his contract in the fall, was bound to complete it the ensuing spring. Accor-

ding to the fair construction of his rejoinder, however, he alleges that he was prevented from delivering the residue of the staves in December, 1824, by the dangers of the canal, but gives no excuse for not delivering them the ensuing spring. He says that in December, 1824, he delivered 8500 of the staves, according to contract, and would have delivered the residue, (that is at the same time,) but for the dangers of the canal. This is no answer to the replication, nor does it shew a valid excuse for the failure of performance on the part of the plaintiff.

The rejoinder is also defective in form, in not stating particularly, what the dangers of the canal navigation were, which prevented performance on the part of the defendant. It was a fact resting exclusively in his knowledge, of which he was bound to apprise the plaintiff, in order that he might be able to disprove the allegation, or produce evidence in relation to it upon the trial. In these respects the rejoinder was defective.

I am inclined to think, that testing it by the liberal rules which are always applied to the pleadings in justices' courts, it may be considered a substantial answer in all other respects to all the breaches assigned.

But the plaintiff should have had judgment on the demurrer in the court below, with leave to the defendant to amend his rejoinder.

Judgment reversed.