# Thomas J. Simpson

*v.*

# William Wrenn.

1. Replevin—*action of—by whom may be maintained.* A bailee of property may recover it of his bailor, if he can show that he is legally entitled to the possession and use under a valid agreement, although the latter may be the owner. And this action may be maintained by the owner, against any person wrongfully in the possession, as in such case, the right of property carries with it the right of possession; and any person having a special property in the chattel in question, entitling him to its possession, may recover it in this form of action, against any person, even the owner.

2. Same—*in this action—a bailee cannot set up title in himself as against the bailor.* W borrowed a gun from S, and afterwards refused to deliver up the possession upon demand made by S, whereupon the latter brought replevin: *Held,* that W could not be permitted, in this action, to set up title in himself—that before he could raise that question he must restore possession to S.

3. A person claiming to be the owner of a chattel, cannot be permitted to obtain possession by practicing such a fraud, and exonerate himself from returning it, by setting up title in himself.

Appeal from the Circuit Court of Logan county; the Hon. John M. Scott, Judge, presiding.

The opinion states the case.

Mr. E. D. Blinn, for the appellant.

Messrs. Hoblit & Foley, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of replevin, brought by appellant before a justice of the peace of Logan county, against appellee, to recover a double-barreled shot-gun. A trial was had, resulting in favor of appellee, and the case was removed to the Circuit Court of Logan county by appeal. The case was again tried

by the court and a jury, resulting as it had before the justice of the peace. A motion for a new trial was entered, but overruled by the court, and a judgment rendered on the verdict; to reverse which this appeal is prosecuted.

It appears from the evidence in the record, that appellant was a lieutenant in company B of the Second Illinois Cavalry ; that when encamped near Baton Rouge, in Louisiana, he was ordered, with a portion of the men, to attack a squad of the enemy ; that in doing so, his men captured a lot of arms, and that when they came to be turned over to the provost marshal, that officer gave the gun in controversy to appellant. Appellee claims that he had purchased the gun of another member of the company, who was on the expedition, before it was taken to the provost marshal.

Appellant swears that he brought the gun home and had it stocked, and that appellee requested the loan of the gun, when appellant gave him an order on Fossett, who had it in his possession, and that appellee thus obtained possession of the gun, and refused to return it to him when demanded.

Appellee swears that he did not borrow the gun, but that appellant gave it to him on his claiming to own it. He also introduced evidence tending to prove that he purchased the gun before it was taken to the office of the provost marshal.

Appellant asked, but the court refused to give, these instructions :

" The court instructs the jury, on behalf of the plaintiff, that if they believe from the evidence that the defendant (Wrenn) borrowed the gun in controversy from the plaintiff (Simpson), and afterwards refused to deliver up possession of the gun upon demand being made by the plaintiff, then the right to the possession is in the plaintiff, and the jury will so find."

" The court further instructs the jury, that if they believe from the evidence that the defendant (Wrenn) borrowed the gun in controversy from the plaintiff (Simpson), the defendant

then became the bailee of the plaintiff, and cannot set up title to the gun in himself in this action, and if the jury further find that the defendant refused to deliver up possession of the gun after demand being made by Simpson, then they will find for the plaintiff."

The whole contest in this case turns upon the refusal to give these instructions, and in giving the reverse of the propositions they contain. It is urged that a bailee cannot set up property in himself to defeat a recovery in replevin by his bailor. The proposition is undeniably true, that a bailee of property may recover it of his bailor, if he can show that he is lawfully entitled to the possession and use under a valid agreement, although the latter may be the owner. The action of replevin may be maintained by the owner against any person wrongfully in possession, as in such case, the right of property carries with it the right of possession. But, on the contrary, a person having a special property in the chattel in controversy, entitling him to the possession, may recover it in this form of action against any one, even the owner. The statute has provided for both classes of cases.

In this case, it is contended that appellee obtained possession of the gun by borrowing it, with a promise for its return, and thereby admitted either that appellant was the owner, or was at least entitled, as against himself, to the possession; that if he borrowed the property, he is estopped from setting up title against his bailor while that relation exists between them; that he must first restore possession before he can raise the question of ownership in himself.

It is said by STORY, in his work on Bailments, sec. 266: "Even if the lender is not the owner of the thing, the borrower must ordinarily restore it to him, and has no right to set up the title of a mere stranger against him, for the lender has, by his contract a right to be reinstated in his possession." He, however, lays down the rule, that he will be discharged

from liability to restore, if the property is taken from him by legal recovery by the owner.

If a borrower cannot set up title in another to exonerate himself from a return of the property to the lender, why should he be permitted to set up property in himself, to excuse him from a performance of his agreement to restore the property? It would seem that in both cases the reason is the same. A person claiming to own property, should not be permitted to get possession by such a fraud, and then refuse to restore it because he claims to own it. This, in many cases, would give him an undue advantage, as it would impose the burden of proving ownership on the lender, by a preponderance of evidence, while, had it remained in his possession, the burden would have been on the opposite party. We are, therefore, of the opinion, that if appellee borrowed the gun, he should not be permitted to set up title in himself until he has restored it to appellant.

In *Brusley* v. *Hamilton*, 15 Pick. 40, it was held, that where the owner of property gave a receipt for it to an officer who had seized it under process, when sued for it by the officer, he could not set up title in himself until he first restored the property to the officer.

In this case, the evidence as to the loan was conflicting, and it should have been fairly left to the jury by proper instructions. The instructions given for appellee took that question from the jury, while those asked by appellant would have left it for their determination. These instructions asked by appellant should, therefore, have been given.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*