(24 App. Div. 1.)

SEDGWICK v. MACY et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. APPEAL — EXCEPTIONS TO BE HEARD BY APPELLATE DIVISION — STATEMENT OF CLERK.

   Under Code Civ. Proc. § 1000, prescribing that the judge presiding at a trial by jury may, in his discretion, direct an order to be entered that the exceptions taken be heard in the first instance by the appellate division of the supreme court, a statement contained in the minutes of trial, signed by the clerk, that the exceptions are thus to be heard, and entry of judgment suspended in the meantime, constitutes a sufficient certification of the entry of the necessary order, and, in the absence of any motion to strike out the statement so certified, it is not to be presumed that the certificate is false.

2. ACCOUNT STATED—ESTOPPEL.

   In an action on an account stated, it was admitted by defendants that, as brokers, they received from plaintiff's testator certain bonds to be sold, and that they received and credited him with the amount of the proceeds, which they still held; but they alleged that a third party now made a claim, which defendants believed to be unfounded, that the bonds were his, and that he was entitled to such proceeds. *Held* that, while the account stated was not conclusive, yet, as defendants still held the proceeds, and denied the right of the third party thereto, evidence offered by them to show that the bonds belonged to such third party was inadmissible.

   Van Brunt, P. J., dissenting.

Action by Mary E. Sedgwick against Charles C. Macy and another. Motion by defendants for new trial on exceptions ordered to be heard in the first instance in the appellate division. Denied.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

W. T. B. Milliken, for plaintiff.
John S. Woodruff, for defendants.

RUMSEY, J.   The plaintiff takes the preliminary objection that there is no sufficient order directing the exceptions to be heard in the first instance in this court.   The law which authorizes that procedure (Code Civ. Proc. § 1000) prescribes that the judge presiding at a trial by jury may, in his discretion, at any time during the same term, direct an order to be entered that the exceptions so taken be heard in the first instance by the appellate division of the supreme court.   Upon an examination of the record we find that the minutes of trial contain a statement that the defendants' exceptions are to be heard in the appellate division in the first instance, and entry of judgment be suspended in the meantime. These minutes are signed by the clerk.   They constitute part of the record of the trial of the case, and they are a sufficient certification of the entry of the necessary order for the hearing of the exceptions in this way.   If the order was not properly made, the plaintiff should have moved to strike out the direction certified by the clerk; but, as he has not done so, we will not presume that the certificate was false.   It will be presumed, in respect of it, that the proper direction was given by the court upon the trial, if, indeed, the statement in the minutes, signed by the clerk, does not of itself constitute such a direction.

The action was brought upon an account stated by the defendants to Clarence W. Sedgwick, the testator of the plaintiff.   The allegation of the complaint upon that point is that, about the 22d day of August, 1895, at the city of New York, an account was stated between the plaintiff's testator and the defendants, and upon such statement a balance of $1,600.96 was found to be due from the defendants to said Sedgwick, which said defendants promised to pay.   In their answer the defendants alleged, substantially, that they were brokers for Clarence W. Sedgwick; that one of the items which was entered in the account stated upon which the action was brought, was the proceeds of the sale of bonds of the Illinois Central Railroad Company, which had been delivered by Sedgwick to the defendants, and by them sold and carried to the credit of Sedgwick's account.   The amount of that item was $13,-228.95.   It was further alleged in the answer that, since the death of Sedgwick, one Martin L. B. Cooper, a surviving trustee under the last will and testament of Mary T. Wood, deceased, under which will Sedgwick was co-trustee with said Cooper, had made a claim upon the defendants for the said bonds or their value, and had alleged that the bonds were not the property of Sedgwick, but were held by him as such trustee, and that the defendants are liable to Cooper, as surviving trustee, for the alleged wrongful conversion of said bonds and the proceeds thereof, and that said Sedgwick had no right to sell the said bonds or hypothecate the same.   The answer further alleged that the defendants claim that, as between themselves and said Sedgwick, and the said estate of Mary T. Wood, they had the lawful right to sell the said bonds and credit the proceeds thereof upon the indebtedness of Sedgwick.   It was further alleged in the answer that, if the claim of Cooper should prove to be well founded, and it should appear that the bonds were

actually not the property of Sedgwick, but were held by him as trustee under the will of Mary T. Wood, said Sedgwick would not be entitled to the credit of $13,228.95, nor would any balance be due to him or to the plaintiffs upon the account. Upon the trial the plaintiff produced the account rendered to Sedgwick, showing an indebtedness, as claimed by her, of $1,600.96, and rested. The defendants then offered in various ways to make proof of the facts stated in the answer; but their offers were all excluded, and a verdict was ordered for the plaintiff for the amount stated in the account which had been rendered by the defendants. The correctness of these various rulings of the court is the only matter to be examined here.

The claim of the plaintiff, upon which she relies to sustain this ruling, is that the defendants were brokers of her husband; that they received from him these bonds of the Illinois Central Railroad Company to sell for his benefit, and that they did sell them for his benefit, and did credit him with the proceeds; and that, so long as they held the money in their possession which they obtained from the bonds he gave them, they are not at liberty to say that the bonds belong to somebody else. The defendants, on the contrary, claim that they are at liberty to show that the bonds did not belong to Sedgwick, but did belong to Cooper, and that Cooper has made a claim upon them, although they do not accede to the correctness of this claim, and do not set up this defense upon the authority of Cooper, nor for his benefit. The single question is, which of the two parties is correct in his contention?

There can be no question that the defendants are at liberty to question the correctness of the account which they presented to Sedgwick, and to show that they made a mistake in one of the items, which, if corrected, would change the nature of the account. An account stated is a mere admission that it is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors. Its effect is simply to establish prima facie the accuracy of the items without other proof, and the party seeking to impeach it is bound to show affirmatively the mistake or error alleged. It is not necessary that the mistake should be a mutual one. Lockwood v. Thorne, 11 N. Y. 170, 18 N. Y. 285; Conville v. Shook, 144 N. Y. 686, 39 N. E. 405. Before the defendants can open this account, they must show that Sedgwick was not entitled, as against them, to the possession of the bonds which he delivered to them, and which they sold for his benefit.

The general rule is that the bailee can discharge his liability to the bailor only by delivering to him the thing which he has received from him, or its proceeds; but to that rule there are some exceptions, which have been the subject of discussion to a very considerable extent. It is stated in the case of Bates v. Stanton, 1 Duer, 79, 85, that the bailee may show that the property has been taken from him by process of law, or by a person having a paramount title, or that the title of the bailor had terminated, or that the bailor was a mere agent, and that the return of the property to him had been forbidden by his principal. Judge Story, however, says that

the proposition that it is open to the bailee to show that the bailor was a mere agent, whose principal had forbidden the delivery of the property to him, was untenable.    Story, Bailm. §§ 450, 582. But, except for that, the rule laid down in the case of Bates v. Stanton is undoubtedly an accurate one.    The right of the bailee, however, to set up the title of a third person in defense to an action against him by his bailor for the property received or the proceeds, is limited either to a case where he has actually delivered the property to the true owner, or where he has assumed such a relation towards the true owner that he is no longer in a situation to deny that the third person actually owns the property and is entitled to its possession.

The rule as laid down in this state is that the bailee cannot set up the title of the third person against his bailor, however tortious the possession of the latter, unless the owner has claimed the property, and the bailee has yielded to the claim.    Transportation Co. v. Barber, 56 N. Y. 544, 552.    The same rule is laid down by the text writers.    Story, Bailm. supra; Schouler, Bailm. § 494.    The rule has been laid down that:

"The bailee cannot avail himself of the title of a third person, although that person be the true owner, for the purpose of keeping the property himself, nor in any case where he has not yielded to the paramount title.    If he could, he might keep for himself goods deposited with him without any pretense of ownership; but, if he has performed his legal duty by delivering the property to its true owner upon his demand, he is not answerable to the bailor."

When the bailee has actually delivered the property to the true owner, having a right to the possession, on his demand, it is a sufficient defense against the claim of the bailor.    The Idaho, 93 U. S. 575, 579, 580.    These cases seem to establish the rule as it exists in the United States.

In England the courts have gone a little further, and it has been said that, in an action by the bailor against the bailee, the latter can set up the title of the third person only when he depends upon the right and title and has the authority of that person, and sets up the right for the benefit of that person.    Biddle v. Bond, 6 Best & S. 225; Thorne v. Tilbury, 3 Hurl. & N. 534; 2 Kent, Comm. (12th Ed.) 566, and note.    This extension of the rule, though, does not seem to have been accepted in this country.

But, if it be conceded to be the true rule, still the defendants do not bring themselves within it, either in their pleadings or in their offer.    The answer goes no further in that direction than an allegation that it is claimed by Cooper that he, as trustee, is still the owner of the bonds.    But there is no allegation in the answer connecting the defendants in any way with the title of Cooper, or in any way alleging that they assert that title for the benefit or by the authority of Cooper.    On the contrary, they expressly negative any such fact by the allegation that they claim that, as between themselves and Sedgwick and the estate of Mary T. Wood, they had the lawful right to sell the bonds and credit the proceeds thereof upon Sedgwick's indebtedness to them.    Any offer that

was made must be taken in view of those allegations in the pleadings, which substantially admit that the defendants still held the proceeds of the bonds which they have received from Sedgwick, and deny the right of Cooper to have those proceeds.

This position, taken by the defendants, puts them outside the benefit of any rule of law which has thus far been established for the protection of bailors; and, in view of the position which they took, the action of the trial court in excluding the evidence offered by them was correct, and the motion for a new trial should be denied; and judgment ordered for the plaintiff upon the verdict, with costs.

BARRETT, WILLIAMS, and PATTERSON, JJ., concur.

VAN BRUNT, P. J. . I dissent, upon the ground that the record contains no order made at the term at which cause was tried.