BENJAMIN E. VALENTINE, Appellant, *v.* THE LONG ISLAND RAILROAD COMPANY, Respondent.

*A common carrier may not set up its own ownership as a defense to an action for goods — it is competent on the question of damages — a bailee cannot plead* jus tertii *— exceptions to this rule.*

A common carrier, sued for the conversion of goods delivered to it for carriage by the plaintiff in the action, cannot set up its ownership of the goods as a defense to the action.

*Semble*, however, that evidence of its ownership is admissible in the action on the question of damages.

The general rule that a bailee cannot plead *jus tertii* against his bailor applies to common carriers.

The exceptions to such general rule stated and considered.

APPEAL by the plaintiff, Benjamin E. Valentine, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 5th day of March, 1904, upon the verdict of a jury rendered by direction of the court after a trial at the Nassau Trial Term.

*B. E. Valentine*, for the appellant.

*Byron Traver* [*Joseph F. Keany* with him on the brief], for the respondent.

JENKS, J.:

The defendant is a common carrier sued for conversion. It pleaded title to the goods, and a verdict was directed in its favor. The question is whether such plea was available in defense. The

rule that a bailee cannot plead *jus tertii* against his bailor applies generally to common carriers. (Story Bail. § 582; *The Idaho*, 93 U. S. 575.) Many authorities state as a reason for the application of the rule that by such a plea the bailee might keep property for himself. Hence the authorities even most favorable to the bailee require that he must defend " upon the right and title and by the authority " of the owner. This reason does not exist in this case inasmuch as the plea is ownership in the carrier.

In *Western Transportation Co.* v. *Barber* (56 N. Y. 544, 552) it is said that the rule " applies in all cases where the bailee seeks to avail himself of the title of a third person for the purpose of keeping the property himself from the bailor, and to all cases where the bailee has not yielded to a paramount title in another." In *The Idaho* (*supra*), where the rule in *Western Transportation Co.* v. *Barber* (*supra*) is applied, it is said that the rule is not to be denied " in any case where he has not yielded to the paramount title." In *Mullins* v. *Chickering* (110 N. Y. 513, 514) the court say that the bailees could not dispute the title " except in one emergency " and that they were free to do so in that case in that they had submitted to the title and had delivered the property to those who claimed to be the owners. The dissent in that case, per DANFORTH and GRAY, JJ., takes the ground that the rule applied unless the bailment had been determined by what is equivalent to an eviction by the real owner, and so is in favor of the rigor of the rule. *Sedgwick* v. *Macy* (24 App. Div. 1) holds that the right to plead *jus tertii* " is limited either to a case where he has actually delivered the property to the true owner, or where he has assumed such a relation towards the true owner that he is no longer in a situation to deny that the third person actually owns the property and is entitled to its possession." Parsons on Contracts (Vol. 2 [8th ed.], p. 215) says: " In general, no agent can defend against the action of his principal, by setting up the *jus tertii* in his own favor. On the other hand, if the carrier delivers them to a third party, and it can be shown in an action against him that this third party was the actual and lawful owner, and that the plaintiff, who delivered the goods to the carrier, had no right to them whatever, this certainly is a sufficient defence." Schouler on Bailments and Carriers (3d ed. § 494) says: " While a bailee cannot avail

himself of the title of a third person, even though that person be the true owner, in order to gain title for himself, nor in any case where he has not yielded to a paramount title, he is sufficiently excused where he has delivered the property to the true owner on his demand, his own course having been honorable. And hence a common carrier may excuse himself by showing that he actually delivered the goods to the true owner, who had a right to immediate delivery, even though such delivery be not according to the consignor's directions or the terms of the bill of lading. But in case of delivery other than according to the original undertaking it devolves upon the carrier to prove that he has delivered to the real owner. The rule which holds every bailee to honorable conduct towards his bailor forbids, however, that a carrier should connive with a third party to get possession of the goods for the latter's benefit." The rule and exception stated in *Bates* v. *Stanton* (1 Duer, 79, 85) has received frequent approval. " The present case, therefore, stands upon the same ground as other bailments, in respect to which the general rule undoubtedly is that in an action by the bailor, a *jus tertii*, a right of property in a third person cannot be set up by the bailee to defeat a recovery. But to this general rule there are many exceptions. The defendant in such a suit may doubtless show that the property had been taken from him by process of law or by a person having a paramount title, or that the title of the bailor had terminated or that he, the bailor, was himself a mere agent and that the return of the property to him had been forbidden by his principal (*Shelbury* v. *Scotsford*, Yelv. 23; *Edson* v. *Weston*, 6 Cranch, 278;* *Ogle* v. *Atkinson*, 5 Taunt. 759; *Wilson* v. *Anderton*, 1 Barn. and Ald. 450;† *Whittier* v. *Smith*, 11 Mass. 211; Story on Bail. § 120, 266.) Nor are these the only exceptions; we are strongly disposed to think that the right of the true owner may be set up in all cases where, upon his demand, the property has been in fact delivered to him before the commencement of the suit, and are satisfied that such a delivery is an absolute bar where it appears that the plaintiff had obtained possession of the property feloniously or tortiously, by felony, force or fraud (*Hardman* v. *Willcock*, 9 Bing. 382–4; *King* v. *Richards*, 6 Whart. Penn. R. 418; Story on Bail. § 582; Angell on Carriers, § 336.)"

---

*6 Cow. 278.                    †1 Barn. & Adol. 450. ·

There are authorities which have extended the exception. Hutchinson on Carriers (2d ed. § 406) cites some of them. In _Sedgwick_ v. _Macy_ (_supra_) it is said that we have not accepted the extension of the English rule, of which _Biddle_ v. _Bond_ (6 B. & S. 225), in so far as it approves of the quoted expression of POLLOCK, C. B., in _Thorne_ v. _Tilbury_ (3 H. & N. 534) and possibly _Sheridan_ v. _New Quay Co._ (4 C. B. [N. S.] 618) are examples, although it is to be noted that BLACKBURN, J., in _Biddle_ v. _Bond_ (_supra_), the leading case, says that the true ground on which the _jus tertii_ may be asserted is that the estoppel ceases when the bailment is determined by what is equivalent to an eviction by a title paramount.

Of course this circumstance does not appear in this case, for inasmuch as the carrier asserts title in itself there can be no yielding to a paramount title in the sense that another is the owner of the goods. But the question is, does the reason apply? Is the bailee permitted to plead the _jus tertii_ under such circumstances _ex necessitate_ — by the logic of things — or is the requirement only by way of further assurance that he is not pleading the title of a third person as a cloak to keep the goods? I think for the former reason. GROVER, J., indicates this in his opinion in _Western Transportation Co._ v. _Barber_ (_supra_): " If the owner demands the property of the bailee and he refuses to deliver it to him, he is at once liable to him in an action for its conversion. This is a tort, and it would be somewhat anomalous, if the bailee should shield himself from this by delivering the property to the owner, that he could not show such facts as a defence to the groundless claim of the bailor for the property. * * * When the owner comes and demands his property he is entitled to its immediate delivery, and it is the duty of the possessor to make it. The law will not adjudge the performance of this duty tortious as against a bailor having no title." In other words, the bailee is permitted to assert the _jus tertii_ because his duty compelled him to yield to the demand of the true owner of the goods. In _Pulliam_ v. _Burlingame_ (81 Mo. 111) the defendant proved joint title in his wife and in the plaintiff, and the court said : " It does not appear that his wife, as paramount claimant, ever asserted any title to this property. Consequently his plea that he holds it as agent for his wife, implies that this is his voluntary act, and was not forced upon him by the assertion in any form of her pretended

title. \* \* \* The evidence in this case shows that the defendant, at the time of the replevin, was in actual possession of the mules which he borrowed, and that his plea of being the agent or bailee of a paramount owner, rests upon his voluntary act alone, without suit, threat or demand of such owner or claimant."

Where the carrier himself asserts the *jus*, he has not yielded to any demand nor has there been eviction by paramount title or its equivalant. No peril requires the plea. He received the goods as a carrier and thereafter asserted his title of course of his own motion.

With respect to the rule, the Supreme Court of the United States said in *The Idaho* (*supra*) that it applies to the common carrier as well as other bailees. The rule was applied against the bailee in *Thompson* v. *Williams* (30 Kans. 114), per BREWER, J.; *Pulliam* v. *Burlingame* (*supra*); *Simpson* v. *Wrenn* (50 Ill. 222). It is urged, naturally with much force, that the owner is entitled to his property whenever and wherever he finds it. But if there be more than one claimant the courts must decide between them. If the defendant found the goods in the plaintiff's possession and the plaintiff asserts title, the defendant must prove his own title. But in this case it gained possession, not under claim of title, but by the act of the plaintiff (still asserting his title), for a service which in no way negatived the plaintiff's claim or gave any color of title to the defendant save for the purpose of carriage. It thereafter asserts ownership and avails itself of this qualified possession. Possession is evidence of ownership, even though of " the lowest species," but presumptive and easily liable to be overcome. (*Rawley* v. *Brown,* 71 N. Y. 85.) But it is an advantage in a litigation over title which the defendant has thus gained. This fact moved the court in *Simpson* v. *Wrenn* (*supra*). Though the defendant be barred in this suit from this plea it does not embarrass save to require circuity of action, while even in this action evidence of its ownership is admissible on the question of damages. (*Bursley* v. *Hamilton,* 15 Pick. 40, 43. See, too, *Wright* v. *Pratt,* 31 Wis. 99.)

I think that the judgment should be reversed and a new trial granted.

HIRSCHBERG, P. J., WOODWARD, RICH and MILLER, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.