MARTIN D. PERKINS, Appellant, *v.* CHAUTAUQUA TRACTION COMPANY, Respondent.

(County Court, Chautauqua County, April, 1912.)

Replevin — right of action and defenses — holder of bill of lading — property in possession of police property clerk — carriers.

> The rule that a bailee cannot plead. *jus tertii* against his bailor applies to common carriers.

> In an action against a carrier to recover the value of certain brass and lead junk delivered to it for shipment under a contract made with an agent, upon defendant's refusal to deliver the goods to the principal, it cannot dispute his title thereto.

> Where in such action it appears by the bill of lading made by defendant's agent that the goods were shipped in the name of plaintiff's son to himself at a certain place with intention of re-shipping by another carrier, that the son upon receipting for them was arrested, a police officer taking possession of the goods, after which defendant obtained and retained possession thereof and,

County Court, Chautauqua County, April, 1912. [Vol. 76.

upon demand, refused to deliver same to plaintiff claiming they were stolen goods, a judgment for defendant will be reversed.

Plaintiff's possession of the goods prior to their delivery to defendant was *prima facie* evidence of his ownership and sufficient to maintain the action.

APPEAL by plaintiff from a judgment rendered by a justice of the peace.

Frank G. Curtis (Cheston A. Price, of counsel), for appellant.

Fisher & Fisher, for respondent.

OTTAWAY, J. This is an appeal by the plaintiff from a judgment of no cause of action rendered by a justice of the peace of the city of Jamestown, Chautauqua county.

The plaintiff sought to recover the value of a quantity of brass and lead junk alleged to have been wrongfully withheld from the plaintiff by the defendant.

The evidence disclosed that in April, 1911, the plaintiff had in his possession a quantity of brass and lead junk. This was stored in his house at Lakewood, N. Y. With the assistance of his son his junk was enclosed in packages and taken to the defendant's freight office at Lakewood for shipment. A bill of lading was made by the agent of the defendant whereby it appears that this junk was shipped in the name of the son, Ralph W. Perkins, to himself at Westfield, N. Y.; it being the intention to re-ship this commodity by another carrier to Cleveland, Ohio, from Westfield. The son accompanied the freight to Westfield, went to the office of the defendant, receipted for the goods at the office of the defendant and was immediately arrested; an officer of Westfield taking possession of the goods. Thereafter the defendant assumed control of the goods and shipped them to Jamestown, N. Y., and ever since has retained possession of them. Thereafter a demand was duly made by the plaintiff for these goods but the defendant refused to deliver the same to the plaintiff, claiming they were stolen goods. Some evidence was given by the defendant claiming that these goods were

stolen from the Erie Railroad Company. This evidence is not conclusive and is based largely upon inferences. If the defendant had, in fact, delivered these goods to the Erie Railroad a different question might have been presented and a question of fact raised which, if litigated in a justice's court, might have been conclusive upon the appellate court. The defendant is not in a position to raise this question. The defendant obtained the control of these goods under a contract with the agent of the plaintiff and is not in a position under the circumstances disclosed in this case to dispute his title. The agent of the plaintiff, the consignee named in the bill of lading, appeared with the plaintiff and urged the claims of the plaintiff in this action.

The rule is well established in this state that the bailee cannot plead *jus tertii* against his bailor and such rule applies to common carriers. The reason for this rule is that by such a plea the bailee or common carrier might through the plea of some third person keep the property for himself. There are a number of exceptions to this rule. Among them is the one where the plaintiff has obtained possession of the property feloniously or fraudulently by felony, force or fraud and the property has been surrendered to the owner or officers of the law, or where the true owner has demanded the same and the bailee has surrendered the property to him. The plaintiff has not brought himself within the purview of this exception, the evidence disclosing that the property is still in the possession of the defendant. Valentine v. Long Island R. R. Co., 102 App. Div. 419; 187 N. Y. 121; Sedgwick v. Macy, 24 App. Div. 1; Western Trans. Co. v. Barber, 56 N. Y. 544; Mullins v. Chickering, 110 id. 513.

The defendant also contends that the plaintiff failed to show sufficient interest in the property in question to maintain this action; that it was incumbent on him to inform the court as to the source of his title. The evidence disclosed that prior to the shipment of this merchandise the plaintiff was in possession of it. Possession is *prima facie* evidence of ownership and sufficient to maintain an action of replevin. The defendant deriving his possession under a contract with

Supreme Court, April, 1912.        [Vol. 76.

the agent of the plaintiff is not at liberty to raise this question.

The judgment must be reversed with costs to the plaintiff to abide the event of the action, and a new trial is ordered before James P. Stafford at his office in the city of Jamestown on the 25th day of April, 1912, at ten o'clock A. M.

*Judgment reversed and new trial ordered, with costs to plaintiff to abide event.*