## THE ERSKINE M. PHELPS.

(District Court, N. D. California, First Division. September 12, 1913.)

### No. 15,406.

SHIPPING (§ 132*)—SUIT FOR DAMAGE TO CARGO—PLEADING.

    In a suit to recover for damage to cargo, an allegation in the answer that the damage was from dangers of the seas, which were excepted in the bill of lading, must state the facts relied on to bring the case within such exception.

    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 471–487; Dec. Dig. § 132.*]

In Admiralty. Suit by the Crane Company against the ship Erskine M. Phelps. On exceptions to answer. Exceptions sustained.

Denman & Arnold, of San Francisco, Cal., for libelant.
Andros & Hengstler, of San Francisco, Cal., for claimant.

DOOLING, District Judge. The matter excepted to is as follows:

"If it be true that the articles mentioned were damaged, the said damage was caused by a cause excepted in the bill of lading in article 4 of said libel referred to, to wit, the dangers of the seas."

The grounds of the exception are that the matter excepted to is imperfect, uncertain, insufficient, and evasive for the reason that it does not appear therefrom by what particular danger of the sea the said goods were damaged.

It is a general rule of pleading that a party relying upon an exception must state the facts which bring his case within the exception. The dangers of the sea are many and varied, and it should appear to the court from a statement of facts that the matters relied upon as

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

constituting dangers of the sea do come within that category. It does not so appear, nor does it appear at all just what is relied upon as a defense. It is claimed that this is the usual method of pleading in this court. As to this I am not advised, but an examination of reported cases has disclosed to me no pleading in this form and very many where the matters relied upon are set out at length. I think this the better practice. The information is generally solely within the knowledge of the claimant. Both the libelant and the court should be informed by the answer just what matters the claimant will rely upon as constituting the dangers of the sea exempting him from liability.

The exceptions to the answer will be sustained, and claimant allowed, if he so desire, to amend the answer to conform to these views.