WASHINGTON DEAN Co., INC., Plaintiff, *v.* NIPPON YUSEN KAISHA, Defendant.

Supreme Court, Kings County, August 21, 1925.

**Pleadings — answer — motion to strike out paragraph in answer on ground that it is insufficient in law — defense hypothetical, in alternative, and fails to set out facts — motion granted.**

Plaintiff's motion to strike out a designated paragraph in defendant's answer, reciting a separate defense, upon the ground that it is insufficient in law, should be granted where said defense is defective and insufficient in that it is hypothetical, pleads in the alternative in a situation that does not permit of alternative pleading, and fails to set out the facts upon which the alleged defense is founded.

MOTION for an order to strike out paragraph 8 of the defendant's answer upon the ground that it is insufficient in law, or, in the alternative, for an order requiring the defendant to make said paragraph more definite and certain.

The defendant's answer is as follows:

" The defendant above named, by its attorneys, Burlingham, Veeder, Masten & Fearey, answering the complaint herein, alleges as follows:

" *First.* It denies that it has any knowledge or information sufficient to form a belief as to the allegations contained in the 1st paragraph of the complaint.

" *Second.* It admits the allegations contained in the 2d paragraph of the complaint.

" *Third.* It denies each and every allegation contained in the 3d

paragraph of the complaint, except that it admits that on or about December 9, 1923, at Colombo, Dodwell & Co., Limited, delivered in apparent good order and condition to the steamship *Calcutta* 500 cases said to contain desiccated cocoanut, consigned to the order of Messrs. Baring Bros. & Co., Limited, at New York city.

"*Fourth.* It denies each and every allegation contained in the 4th paragraph of the complaint, except that it admits that, in consideration of an agreed freight paid or to be paid, it agreed to deliver said cases in like order and condition as when received unto the order of the consignee, subject to the exceptions and conditions of a certain bill of lading issued by it for said cases.

"*Fifth.* It denies that it has any knowledge or information sufficient to form a belief as to the allegations contained in the 5th paragraph of the complaint.

"*Sixth.* It denies each and every allegation contained in the 6th paragraph of the complaint.

"*Seventh.* It denies each and every allegation contained in the 7th paragraph of the complaint."

For a separate, complete, and independent defense the defendant alleges as follows:

"*Eighth.* The cases herein admitted to have been shipped on said steamship *Calcutta* were received and transported pursuant to a certain bill of lading issued therefor, the terms and conditions of which were mutually agreed to and constituted the contract of carriage. Said bill of lading contained, among others, the following provisions:

"'It is mutually agreed * * * that the carrier shall have liberty * * * to carry the cargo shipped hereunder, or any other cargo, in poop, forecastle, deckhouses, shelter deck, or any other covered in spaces, all of which shall be deemed to be under deck; that the carrier shall not be liable for loss or damage occasioned by perils of the sea, or other waters, and danger of navigation of whatsoever kind, * * * by defect in any part of the hull, boilers, engines, machinery, or appurtenances of the vessel, by unseaworthiness of the steamer, whether existing at time of shipment or at the beginning of the voyage: Provided the owners have exercised due diligence to make the steamer seaworthy.'"

At and before the beginning of said voyage the defendant had exercised due diligence to make said steamer, and said steamer was in fact, in all respects seaworthy, and properly manned, equipped, and supplied, and any damage to said goods was due to causes or perils excepted by said bill of lading and by the act of Congress of the United States approved February 13, 1893,

known as the Harter Act (27 U. S. Stat. at Large, 445, chap. 105), and by reason thereof the defendant is not liable.

For a partial defense the defendant alleges as follows:

" *Ninth.* The defendant .repeats and realleges each and every allegation contained in paragraph 8 of this answer with the same force and effect as if herein again set forth in full.

" *Tenth.* Said bill of lading further provided as follows:

" ' 9. Also that, in the event of claims for short delivery of, or damage to, cargo, being made, the carrier shall not be liable for more than the net invoice price, or the value stated herein whichever shall be the smaller, less all charges saved, and any loss or damage for which the carrier may be liable shall be adjusted *pro rata* on the said basis. The shipowner shall not be held liable for any profit or consequential or special damages, and shall have the option of replacing any lost or damaged goods.'

" Any liability cannot exceed an amount computed on the basis specified in clause 9 of said bill of lading.

" Wherefore defendant demands judgment dismissing the complaint herein, with costs."

*Neil P. Cullom* [*James E. Freehill* of counsel], for the plaintiff.

*Burlingham, Veeder, Masten & Fearey* [*Frank A. Bull* of counsel], for the defendant.

CARSWELL, J.:

1. The defense is defective in that it is clearly hypothetical to a degree that falls foul of the authorities. (*Saleeby* v. *Central R. R. of N. J.*, 40 Misc. 269; *Stroock Plush Co.* v. *Talcott*, 129 App. Div. 14; *Abt-Bernot, Inc.*, v. *Holland-Amer. Line*, 125 Misc. ——. It is also insufficient in that it pleads in the alternative in a situation that does not permit of alternative pleading. 2. The defense is also defective because of the failure to set out the facts upon which the alleged defenses are founded with respect to the exceptive clauses. (*Woodworth* v. *McBride*, 3 Wend. 227.) The motion to strike out is granted, with leave to plead over upon the payment of costs if the facts are such as to warrant the defendant being so advised.