## CANADIAN CO-OP. WHEAT PRODUCERS, Limited, et al. v. MATHEWS S. S. CO., Limited.

District Court, W. D. New York.
Oct. 3, 1928.

Bigham, Englar & Jones, of New York City, and Burke & Desmond, of Buffalo, N. Y. (Charles S. Desmond, of Buffalo, N. Y., of counsel), for libelants.

Brown, Ely & Richards, of Buffalo, N. Y., for respondent.

HAZEL, District Judge.

██ This is in the nature of a demurrer to the sufficiency of the respondent's answer to

the libel by exceptions to paragraphs 4 and 11. Libelant alleges that loss was sustained on account of damage to grain transported by respondent under the charter of its steamship. On arrival of the grain at Port Arthur, there was water in hold 6, containing the grain, wetting it to the extent of 25,000 bushels, the water in the hold being discovered by the vessel's crew; and, though the grain was reconditioned, it nevertheless was redelivered in a damaged state.

To this allegation respondent simply denies, on information and belief, the sufferance by libelant of serious damage, and also denies the necessity of discharging 25,000 bushels because of its impaired condition, repeating the exact wording of the allegation. The objection to it is that libelant is unable to ascertain whether there is a denial or admission of the damaged condition of the grain, and whether there is a denial or admission of the necessity of discharging and reconditioning it.

The answer, in my opinion, is a negative pregnant, implying an affirmative in failing to comply with Admiralty Rule 26 (28 USCA § 723), which provides that an answer containing separate allegations shall be full, explicit, and distinct. See Wall v. Buffalo Water Works, 18 N. Y. 119; 5 Words and Phrases, First Series, p. 4739.

Respondent's theory is that the specific admission was unnecessary, since its failure to specifically deny is the equal of an admission; but, inasmuch as the purpose of the admiralty rule is to simplify procedure, save the time of the court and trial expense to the opposite party, and as the particular information is within respondent's knowledge, I think the exception is well taken and there must be specific compliance with the admiralty rule.

Paragraph 11 avers a separate defense in that the loss sustained by libelant was attributable to the negligence of the ship for which respondent cannot be deemed liable, but this allegation is believed too general and should have contained facts from which the court and libelant may perceive that the defense is well based in law. If the parties go to trial without the issues clearly defined, i. e., without knowing upon what evidentiary matters reliance is placed to warrant exemption from liability, libelant manifestly will be at a disadvantage.

The exceptions are sustained, and defendant directed to amend its answer.