## THE GERALD A. FAGAN.
## THE JOHN E. ENRIGHT.

### DREYFUS et al. v. MARINE TRANSIT CORPORATION.
#### No. 293.

Circuit Court of Appeals, Second Circuit.
April 20, 1931.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellants.

Otto & Lyon, of New York City (George V. A. McCloskey, of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

A final decree in admiralty was entered below, on an award of arbitrators, in a proceeding under section 8 of the United States Arbitration Act (43 Stat. 884, title 9, U. S. Code § 8 [9 USCA § 8]). The controversy arose under a contract whereby appellant agreed to furnish appellee as charterer insurable canal tonnage for about 200,000 bushels of wheat on the Buffalo to New York part of an international carriage from Ft. William, Ont., for export. This cargo was "in bond for export," covered by a bill of lading, as to 19,200 bushels, which was laden upon the barge Edward A. Ryan, for the loss of which this libel was filed and seizure of the tug

made. The Ryan, with two other barges, was in tow of the appellant tug Fagan on September 25, 1928, when, on entering the government lock at Troy, N. Y., the Ryan came in contact with the guide wall and sank with its cargo. The libel is in rem against the tug Fagan and the barge Enright and in personam against the appellant, Marine Transit Corporation. The appellant appeared and filed a claim in rem and gave a stipulation for value to release the tug. The contract included an arbitration provision requiring disputes thereunder to be arbitrated before the Committee on Grain of the New York Produce Exchange. The court ordered the appellant to submit to arbitration all issues under the contract. The arbitration proceeded, and an award was made against the appellant and later confirmed by the court below, and the decree appealed from was entered. Later a motion to restrain the recovery on this decree was denied. A discontinuance was entered against the barge Enright.

Section 8 of the Arbitration Act provides: "That if the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."

 Appellant argues that the Arbitration Act is invalid because in conflict with section 1, art. 3, of the Constitution, providing that the judicial power of the United States shall be vested in the Supreme Court and such inferior courts as Congress may from time to time ordain and establish, and because section 2, art. 3, of the Constitution, provides that the judicial power shall extend "to all Cases of admiralty and maritime Jurisdiction," and therefore "Congress cannot vest any judicial power in any body otherwise than a court duly created." Moreover, the argument proceeds, there can be no delegation of this judicial power of the courts either by the courts themselves or by Congress. The Supreme Court and its original jurisdiction was prescribed by the Constitution. Inferior federal courts have only statutory jurisdiction, and Congress may grant as much or little of the judicial power as it will. It has been long settled that the District Courts have only such right to jurisdiction as Congress grants, and it may withhold jurisdiction in accordance with the procedural requirements of Congressional enactment. Jackson v. Steamboat Magnolia, 20 How. 296, 15 L. Ed. 909.

The Arbitration Act is a procedural statute and within the competency of Congress. Congress has the power "to make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." Article 1, § 8, clause 18. This includes the power to establish courts, power over interstate and foreign commerce (article 1, § 8, clause 3), and jurisdiction over admiralty and maritime matters (article 3, § 2, clause 1). The Arbitration Act is directed solely to a remedy. Atlantic Fruit Co. v. Red Cross Line, 5 F.(2d) 218 (C. C. A. 2); Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261, 130 N. E. 288. The validity of a clause providing arbitration under the New York Arbitration Act (Consol. Laws, c. 72) was held no constitutional impediment in Red Cross Line v. Atlantic Fruit Co., 264 U. S. 109, 44 S. Ct. 274, 276, 68 L. Ed. 582. In that case it was said that agreements in admiralty to submit controversies to arbitration were valid and "reference of maritime controversies to arbitration had long been common practice."

The act does not deprive the District Court of jurisdiction, but seems to enlarge that jurisdiction so as to embrace the enforcement of arbitration agreements not only by ordering such arbitration to proceed, but by entering a decree upon the award. The Supreme Court said in Red Cross Line v. Atlantic Fruit Co., supra (at page 123 of 264 U. S., 44 S. Ct. 274, 277): "The reluctance of the admiralty court to lend full aid goes, however, merely to the remedy." And that "the substantive right created by an agreement to submit its disputes to arbitration is recognized as a perfect obligation."

 The power under section 8 to enforce specific performance of the contract to arbitrate is but a remedy incident to jurisdiction under the act. Hartford Accident Co. v. Southern Pacific, 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. 612; Morse Drydock Co. v. The Northern Star, 271 U. S. 552, 46 S. Ct. 589, 70 L. Ed. 1082. The loss of cargo was a proper subject for arbitration under the contract; it was a subject-matter the parties intended to arbitrate if a loss occurred.

█ The suggestion that the grain committee was not qualified to pass upon the questions presented is sufficiently answered by the fact that the parties selected them to do so. The claim that the committee had no regard for the defense under the provisions of the Harter Act (46 USCA §§ 190–195) is without merit. The New York Produce Exchange canal grain charter party No. 1 excludes the application of the Harter Act by its provisions. The criticism of the sufficiency of the libel is equally without merit. It is immaterial whether the libel against the appellant sounds in tort or in contract. Dampskibs Aktieselskabet Thor v. Tropical Fruit Co., 281 F. 740 (C. C. A. 2). That the award was not signed by all the arbitrators is not a barrier forbidding entry of the decree. There is no provision of the contract cited nor does the act of Congress require unanimity. A committee of four out of five signed the award.

But it is said the grain was not established to be for foreign shipment. It was shipped to the order of the Bank of Nova Scotia from Ft. William, Ontario, and "in bond for export," and appellant's bill of lading provided: "Deliver only on surrender of original Lake Bill of Lading properly endorsed." The lake bill of lading recognized the shipment as international. The bond is given by the carrier. Section 551 of the Act of Sept. 21, 1922, 42 Stat. 975, section 451, title 19, U. S. Code (19 USCA § 451). See B. & O. S. W. R. R. Co. v. Settle, 260 U. S. 166, 43 S. Ct. 28, 67 L. Ed. 189.

█ Since it was an international carriage, there is no doubt the Arbitration Act applies. But section 8 provides, as the basis of jurisdiction, an admiralty cause of action involving libel and seizure, and it declares such basis of jurisdiction to be independent of the provisions of the act "notwithstanding anything herein to the contrary." From an examination of this act, it will appear that the terms "maritime transactions" and "commerce" defined in section 1, are found again in section 2 (9 USCA §§ 1, 2). Sections 4 and 8 (9 USCA §§ 4, 8), which permit applications to the court, make no reference to these terms.

The parties claiming to be aggrieved at bar were the appellees as they applied under section 8 of the Arbitration Act because of the appellant's "failure, neglect, or refusal * * * to arbitrate under a written agreement for arbitration" (section 4), and nothing in either section 4 or 8 confines such written agreement for arbitration to agreements involving maritime transactions in the limited sense. Section 1, with reference to foreign commerce as distinguished from any other subject-matter of which a court of admiralty would have jurisdiction under the Judicial Code in the terms of section 4 or apart from the arbitration agreement, covers matters which would be justiciable in admiralty under section 8.

█ The canal was used here as a waterway for foreign commerce—from Canada for export. It is a waterway within the scope of the admiralty jurisdiction. The Robt. W. Parsons, 191 U. S. 17, 24 S. Ct. 8, 48 L. Ed. 73. Section 8 is ample authority for entering the decree upon the award. The basis of jurisdiction was a cause of action justiciable in admiralty. The court enjoined the libel filed, and appellant gave the stipulation for value. Section 8 under these circumstances gave free hand to the admiralty jurisdiction, substituting arbitration for trial before the court with the "usual course of admiralty proceedings."

█ The libel and seizure was a proceeding in rem. There was the direction that the parties proceed with the arbitration and entry of a decree upon the award. The decree necessarily would be in the usual form of a decree in rem, against the res if not released, or against the claimant and stipulators, if the stipulation is substituted for the vessel. The appellant appears as respondent in the personam libel and as claimant in the in rem proceeding. This practice is common. Merritt & Chapman v. Chubb, etc., Co., 113 F. 173 (C. C. A. 2). The libel was maintainable in rem, and the stipulation given as a substitute for the vessel makes the stipulator liable to the exercise of every authority in the power of the court which it could exercise if the res was still in the court's custody. The Wanata, 95 U. S. 600, 24 L. Ed. 461; The Palmyra, 25 U. S. (12 Wheat.) 1, 6 L. Ed. 531; The Glide, 72 F. 200 (C. C. A. 4); The New York, 104 F. 561 (C. C. A. 6).

Admiralty Rule 8 (Southern District) provides: "Such stipulation shall contain the consent of the stipulators, that if the libellant or petitioner recover, the decree may be entered against them for an amount not exceeding the amount named in such stipulation and that thereupon execution may issue against their goods, chattels, lands, and tenements or other real estate."

█ Section 8 of the Arbitration Act contemplated that the liability arbitrated be-

tween the parties was a liability that attached to the tug as well as to the owner in personam. The objection that error was committed in entering a decree against the stipulator therefore is without force.

Decree affirmed.