**CANADIAN CO–OP. WHEAT PRODUCERS, Limited, v. MURPHY & HOFFMAN, Inc., et al.**

District Court, W. D. New York.
Aug. 17, 1931.

Bigham, Englar, Jones & Houston, of New York City, and Burke & Desmond, of Buffalo, N. Y., for libelant.

Purdy & Purdy, of New York City, for respondent impleaded.

KNIGHT, District Judge.

The Canadian Co-operative Wheat Producers, Limited, libelant, entered into an agreement with Murphy & Hoffman, Inc., whereby Murphy & Hoffman, Inc., were to carry 200,000 bushels of libelant's wheat from Buffalo to New York City. Libelant delivered the wheat to Murphy & Hoffman, Inc., respondent, and it was shipped on barges furnished by the latter. Upon redelivery in New York City the wheat was in a damaged condition. Thereupon a libel was filed against Murphy & Hoffman, Inc., the libelant, alleging damage of $3,551.65.

Murphy & Hoffman, Inc., answered, and under Admiralty Rule 56 (28 USCA § 723) brought in the Buffalo Barge Towing Corporation as an impleaded respondent, alleging that Murphy & Hoffman, Inc., acted as agent for the Buffalo Barge Towing Corporation; that the latter corporation carried the wheat in its own barges; and that, if there was any damage to libelant, the Buffalo Barge Towing Corporation was liable. Buffalo Barge Towing Corporation then filed an amended answer to the libel and petition.

The libelant has excepted to certain paragraphs of the Buffalo Barge Towing Corporation's amended answer to the libel. These exceptions are substantially as follows:

1. That paragraph "Fourth" of such answer is incompetent in so far as it purports to be a denial by a bailee of the title of its bailor.

2. To the alleged defense contained in paragraphs numbered "Nineteenth" to "Twenty-third" of such answer as insufficient, in that the allegations therein contained constitute no defense.

3. To the alleged defense contained in paragraphs numbered "Nineteenth" to "Twenty-third" as *indefinite, evasive* and *insufficient,* in that they contain no sufficient allegation as to whether the wheat was damaged and as to when, where, how, or from what cause the damage, if any, occurred.

4. To the alleged defense contained in paragraphs numbered "Seventeenth" and "Eighteenth," in that the allegations therein are irrelevant and indefinite, and in that they contain no allegations as to whether the wheat in question was damaged and when, where, how, and from what cause said damage, if any, occurred.

█ 1. Libelant here is bailor; respondent-impleaded, bailee. It is a well-settled rule of law that a bailee may not dispute the title of his bailor. Corpus Juris, vol. 6, p. 1108, § 36; Abbott's N. Y. Cyclopedic Digest, vol. 2, p. 313; Marvin v. Ellwood, 11 Paige, 365, 376; Western Transportation Company v. Barber, 56 N. Y. 547.

█ Certain defenses to the alleged title of the bailor or his right to possession may be pleaded, but we are not concerned here with a plea as a defense. "A general denial * * * cannot be part of the 'defence.' * * * A 'denial' is not what is termed a 'defence' in pleading and never was." Staten Island, etc., v. Hinchcliffe, 34 Misc. Rep. 50, 68 N. Y. S. 556, 557. Nor is this such a defense as might be pleaded. Sedgwick v. Macy, 24 App. Div. 1, 49 N. Y. S. 154; Valentine v. L. I. R. R. Co., 102 App. Div. 419, 92 N. Y. S. 645; Western Transportation Company v. Barber, supra. The liability of the respondent-impleaded is not dependent upon the ownership of the libelant.

It is asserted that libelant confuses pleading with proof. The argument is that respondent-impleaded may be permitted to *deny ownership,* but not permitted to prove *lack* of *ownership.* This position is untenable.

In so far as paragraph "Fourth" purports to be a denial of ownership, it is insufficient. So far as it relates to the *condition* of the cargo, it is sufficient. No exception, however, is taken to the latter allegation.

█ 2. Paragraphs "Nineteenth" to "Twenty-third" of the answer are evidently intended to allege a defense under the federal statutes—more particularly the act commonly known as the Harter Act (46 USCA §§ 190–195). The libel in paragraph "Third" alleges a contract of affreightment subject to the terms of the New York Produce Exchange Canal Charter Party No. 1. This allegation is admitted by the amended answer. It seems to me that no citation of authorities is necessary to support the contention that this *contract* of affreightment fixes the liability of the respective parties. The right

to contract is preserved by the Federal Constitution. This contract does not come within any exceptions to constitutional rights. We have not here any question which involves violation of public policy; we have not here any question which involves an agreement to commit any act contrary to the law. The "Harter Act," so called, applies where no special contract upon the same subject has been made. In The Gerald A. Fagan (C. C. A.) 49 F.(2d) 215, 217, Judge Manton, writing the opinion, says: "The New York Produce Exchange canal grain charter party No. 1 excludes the application of the Harter Act by its provisions." Whether the agreement there was identical with the one at bar is not controlling upon my determination. What is held here is that the agreement alleged and admitted to have been made fixes the liability of the parties thereto.

It is my view that the defense of the Harter Act has been waived and accordingly the aforesaid allegations constitute no defense. The exception is allowed.

3. Since it is my conclusion, as above indicated, that the defense of the Harter Act has been waived, it is unnecessary to pass upon the third exception. An exception has the effect of a demurrer. The allegations in paragraphs numbered "Nineteenth" to "Twenty-third," inclusive, having been held to constitute no defense under the Harter Act upon which they are pleaded, the entire pleading set forth in the amended answer as a "second and separate defence thereto" fails. Assuming this to be true, there is nothing left to which an exception could be applied.

4. It is contended that the paragraphs numbered "Seventeenth" and "Eighteenth" "are irrelevant and indefinite," and that said paragraphs "contain no allegations as to whether libelant's wheat was damaged and as to when, where, how and from what cause said damage, if any, occurred." Where the defense, as here, is based upon the exceptions from liability under the terms of the alleged contract of affreightment, the New York Produce Exchange Canal Party No. 1, it does not seem to me that it is incumbent upon the respondent-impleaded to allege as a defense "whether or not libelant's wheat was damaged." The denial in the amended answer as to the condition of the wheat when delivered places the burden upon the libelant to show the damages sustained.

Paragraph "Seventeenth" contains a statement of the condition of the weather on a particular day at a particular point. It alleges that "when the tow had arrived at a point at about opposite Cleveland, New York, the weather was quite severe and those in charge determined to put into Cleveland for shelter." This is followed by the declaration, in paragraph "Eighteenth," "that whatever damage, if any, was sustained by the said cargo, said damage was caused during and as the result of the storm above set forth." The prime purpose of a pleading is to clearly inform the adversary of the issue made and to limit the proof thereon. It seems to me that we have here a sufficiently clear allegation that if any damages were caused to this cargo during the shipment in question, they were caused as a result of a storm on Oneida Lake on or about October the 18th. Surely respondent-impleaded would be limited to proof of the storm on that occasion as the cause of any damages in question. The libelant is definitely informed of the claim made as to the cause of any damage. Upon examination of the cases cited by libelant (Canadian Cooperative Wheat Producers, Ltd., and One v. Mathews S. S. Co. [Royalton Case] (D. C.) 52 F.(2d) 495; The Erskine M. Phelps (D. C.) 209 F. 141, and Washington Dean Co., Inc., v. Nippon Yusen Kaisha, 125 Misc. Rep. 855, 211 N. Y. S. 737), it seems to me that no one of them is in point here. The amended answer in the case at bar goes much further in a statement of the facts out of which it is claimed the damages, if any, arose, than the statement in any of the above-mentioned cases. It seems to me, therefore, that these paragraphs sufficiently allege "when, where, how, and from what cause" said damage, if any, occurred. For these reasons this exception is disallowed.

The defendant is directed to amend its amended answer in accordance with the above decision.